No. 30,426.

THE STATE OF KANSAS, *Appellee*, v. J. C. CRANE, *Appellant*.

(14 P. 2d 634.)

Opinion filed October 8, 1932.

*Walter S. Keith,* of Coffeyville, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, *Warren B. Grant,* county attorney, and *Richard L. Becker,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from a conviction and sentence on two counts under the bad-check act (R. S. 21-554), the defendant alleging error in sustaining an objection to a part of the opening statement of the defendant's counsel to the jury, and in overruling the motion for a new trial.

The defendant in his opening statement to the jury and in his offer of evidence attempted to establish a defense under the conditional delivery section of the negotiable instruments act (R. S. 52-216) where the instruments have not passed out of the hands of the immediate parties, by promising and offering to prove that the

checks were delivered merely as evidence of debt with the distinct understanding that they were not to be presented at the bank on which they were drawn, but to the defendant, who was to have the option of returning the cars purchased thereby, assigning the paper and security received therefor in case the cars were sold, or paying cash. After the court had sustained the objection to that part of the opening statement the defendant proceeded with his testimony in defense and asked a question along that line and the court sustained an objection to it, and thereafter in the absence of the jury a formal offer was placed in the record and the offered evidence was rejected by the court. No other evidence was offered by the defendant, and the jury, after being instructed, rendered a verdict of guilty on both counts.

The motion for a new trial stated the following causes for granting a new trial:

"That the verdict is contrary to law; that the court overruled offer of the defendant in the matter of his defense which evidence would have shown the character of the alleged checks, and denied the defendant the right to show what was intended between the prosecuting witness and the defendant in relation to the instruments designated as checks, and denied the defendant the right to show that these checks were merely taken as evidence of debts, and not as checks on a bank according to the offer in open court and dictated in the record."

The record does not show that any such excluded evidence was produced at the hearing of the motion for a new trial by affidavit or otherwise, as is required by R. S. 60-3004 of the civil code, which is by R. S. 62-1414 of the criminal code made applicable to motions for new trials in criminal cases. Neither the plain outline of counsel in his opening statement to the jury as to his proposed evidence, the record contents of the formal offer of evidence, nor the concise statement contained in the motion for new trial are sufficient separately or together to meet the requirements of R. S. 60-3004, but the offered and excluded evidence must be brought to the attention of the trial court by affidavit or otherwise at the hearing of the motion for a new trial before its exclusion can be considered on review as an error. Because this was not done in this case we cannot consider its exclusion as grounds for a new trial.

"When the ground of a motion for new trial is the exclusion of evidence the excluded evidence must be produced at the hearing of the motion for a new trial. . . ." (*Mohr v. Women's Benefit Ass'n*, 134 Kan. 311, syl., 5 P. 2d 789.)

·"Objections to the exclusion of testimony cannot be considered on review where the offered testimony is not brought to the attention of the trial court on the motion for a new trial as the code requires." (*State v. Schroeder,* 103 Kan. 770, syl. ¶ 1, 176 Pac. 659.)

"The provision of the civil code (R. S. 60-3004) that where the ground of a motion for new trial is error in the exclusion of evidence, such evidence shall be produced at the hearing of the motion by affidavit of the witness, applies to the trial of criminal cases." (*State v. Vandruff,* 125 Kan. 496, syl. ¶ 1, 264 Pac. 1060. See, also, *State v. Wellman,* 102 Kan. 503, 170 Pac. 1052; *State v. Ball,* 110 Kan. 428, 204 Pac. 701, and *State v. Springer,* 127 Kan. 174, 272 Pac. 189.)

In the Mohr case, *supra,* two reasons were assigned in the opinion for this rule: first, that the court might be apprised of the precise nature of the testimony, and second, that the offer of proof be supported by oath.

It may be said that this requirement does not extend to the opening statement, and if it does it is all in the record just as it was made. But we are not aware that the sustaining of an objection to a part of an opening statement would be reversible error if the defendant did not follow it up with an offer of evidence in a way that its exclusion could be reviewed.

Although we think the matters here involved are fully and finally disposed of by the requirements of R. S. 60-3004, yet the forcible and earnest argument made by counsel for the appellant, along the lines of the defense attempted to be made, deserves attention.

The appellant in addition to his claimed defense under the conditional delivery statute (R. S. 52-216) urges the necessity of proof of an intention to cheat and defraud and that such is within the meaning of the words "willfully drawn," as contained in the opinion in the case of *State v. Avery,* 111 Kan. 588, 207 Pac. 838, cited by both parties as the initial case on this question. A careful reading of that opinion conclusively eliminates the necessity of any element of crime or criminal intent in the offense under R. S. 21-554. In the opinion it was said:

"The worthless check must be willfully drawn, knowing at the time there are no funds on deposit to meet it. Beyond that, the legislature may, for protection of the public interest, require persons to act at their peril, and may punish the doing of a forbidden act without regard to the knowledge, intention, motive, or moral turpitude of the doer." (p. 590.)

Two paragraphs of the syllabus are as follows, and this doctrine has not since been modified:

"The offense created by the worthless-check act (Laws 1915, ch. 92), making it unlawful to issue a check on a bank, knowing at the time there are no funds on deposit to meet the check on presentation, and providing punishment for anyone who willfully violates the act, is not related to the false-token, bogus-check, and false-pretense group of crimes, the purpose of the act being to discourage overdrafts and resulting bad banking, to stop the practice of 'check-kiting,' and generally to avert the mischief to trade, commerce and banking which the circulation of worthless checks inflicts.

"Intent to defraud and accomplishment of fraud are not elements of the offense, and are not essential to validity of the act." (Syl. ¶¶ 1, 2.)

Under this construction of the statute the defense proposed and offered was not a defense under the criminal section, while it might have been a defense in a civil action.

The judgment is affirmed.