No. 32,759

THE STATE OF KANSAS, *Appellee*, v. ERNIE RINER, *Appellant*.

(54 P. 2d 990)

Opinion filed March 7, 1936.

*Max D. Hall,* of Coldwater, *C. H. Mauntel* and *F. B. H. Spellman,* both of Alva, Okla., for the appellant.

*Clarence V. Beck,* attorney general, *J. S. Parker,* assistant attorney general, and *Horace H. Rich,* county attorney, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant appeals from a conviction under R. S. 21-435. His abstract contains no specifications of error, but we shall discuss the contentions made in his brief.

It is not necessary that a complete statement of facts be made. It is sufficient for our discussion to say the state's evidence showed that one Hopkins and another man and his wife and their two children left Protection, Kan., in a motor car on the night of March 9, 1935, and started for their home, which was in Oklahoma, one mile south of the north state line and about fifteen miles from Protection. On their way they passed defendant's home. About that time they noticed a car following them which ultimately caught up with them. As it passed, defendant was standing on the running board with a revolver in his hands. He called to them "Stop, you—"

Hopkins either stopped momentarily, backed and then drove around, or immediately drove around the car in which defendant was riding and went on down the road. The car in which defendant was riding pursued and three or four shots were fired; after making a turn in the road other shots were fired, one of which hit the car, was deflected and stopped in the upholstery. The pursuit continued. The Riner car attempted to pass the Hopkins car which, instead of turning into his own gate, passed on down the road and finally went through a wire gate at the farm home of a Mr. Hagen. In going through the gate, the radiator on the Hopkins car was injured, a tire was punctured and the car soon stopped. The Riner car came up and there was an altercation between Hopkins and Riner. Riner's version was that when the car in which he was riding first attempted to pass the Hopkins car, he had no gun but he tried to wave them down; that they then followed the Hopkins car and couldn't overtake it, and Riner picked up the gun and said he would shoot a tire; that he first shot once and after the turn he shot once more. His version was that after the cars stopped at the Hagen ranch he approached the Hopkins car with his gun in his hand, threw down the gun and pulled Hopkins out of his car and in the scuffle Hopkins struck him and Hopkins got loose and ran, and Riner remarked: "Well, we know who the . . . are that have been stealing my stuff."

Thereafter Riner was arrested and subsequently tried on an information charging an offense under R. S. 21-431. At the trial the above evidence, with much other evidence, was received. The jury found defendant guilty of assaulting Hopkins under circumstances which would constitute murder or manslaughter if death had ensued, as defined by R. S. 21-435.

Defendant complains the trial court erred in not permitting him to show that articles were being stolen from his home, his motive in pursuing the Hopkins car, his motive in shooting, and that he did not fire the shots at any human being. Although defendant argues at length the question of the admissibility of the evidence which he says he desired to introduce, so far as the abstract shows, it was all oral and was not presented to the trial court on motion for a new trial by affidavit or otherwise, as the code provides. (R. S. 60-3004.)

The same question was considered in *State v. Crane,* 136 Kan. 181, 14 P. 2d 634, where it was held:

"The offered and excluded evidence must be brought to the attention of the

trial court by affidavit or otherwise at the hearing of the motion for a new trial, before its exclusion can be considered on review as an error." (Syl.)

And see the cases cited in the opinion.

Two instructions of the jury are complained of as being erroneous. Although there is no showing that objection was made to the instructions as given, or that any other or different instructions were requested and refused, we shall consider the complaint briefly. The appellant has seen fit to abstract only two instructions, and we are not advised as to the content of the others. Instruction 4 advised the jury, in part, that—

"Every sane man is presumed to intend the natural and ordinary consequences of any act intentionally done. This presumption, however, is not a conclusive one, and will not prevail if the jury, from a consideration of all the evidence bearing upon the point, entertain a reasonable doubt whether such intent existed."

The complaint is not so much the instruction misstates the law, but that defendant having admitted he shot at the car and, from his version, that his subsequent conduct showed he had no intention of injuring or harming anyone, but only wished to identify the occupants of the car, and the trial court having refused to permit him to show claimed thefts from his home, etc., it was error to instruct that every sane man is presumed to intend the natural and ordinary consequences of any act intentionally done. Without regard to the excluded testimony as to motive, and the thefts from defendant's premises, the circumstances as to the shooting were fully developed, as well as what happened from the time the pursuit started until it finally stopped at the Hagen ranch, as has been briefly shown. The state gave its version and the defendant gave his. Under those versions, the instruction was correct.

The complaint as to the sixth instruction needs only to be stated to show it is not substantial. The court instructed:

"Before the defendant can be convicted . . . the state must prove to your satisfaction and beyond a reasonable doubt, each and all of the following essential elements of such an offense, to wit: (Setting out *three* elements).

"If the state has so proven each of the foregoing essential elements, you should return a verdict finding the defendant guilty . . . But if the state has not so proven or if the evidence offered by the defendant is sufficient to raise a reasonable doubt in your minds as to the guilt of the defendant, then you cannot find the defendant guilty," etc.

It is first claimed the instruction is erroneous because in the last paragraph the court did not say:

"If the state has so proven each of the foregoing *three* essential elements to *your satisfaction and beyond a reasonable doubt,* you should," etc. (Italics ours.)

We have had occasion to say that all instructions cannot be given in one paragraph, and that all must be read together. Now it seems necessary to say that there is no need to repeat in one instruction a statement clearly made in an earlier part of the same instruction, especially where the entire instruction is clearly and concisely stated. The other portion of the instruction complained of is that reading:

"Or if the evidence offered by the defendant is sufficient to raise a reasonable doubt in your minds," etc.

it being contended this places on the defendant the burden of establishing his innocence. The instruction is not susceptible of the interpretation placed on it by the defendant. The entire instruction clearly placed on the state the burden of proving to the satisfaction of the jury beyond a reasonable doubt three elements of the offense before a conviction could be had, and that if the state had not met that burden or if the defendant's testimony raised a reasonable doubt, the jury should acquit. The quoted language might better have been omitted, but its inclusion is not shown to have affected any right of the defendant.

And finally, our attention is also directed to discrepancies in the evidence as given by various witnesses for the state. It is not necessary to detail them. It was the jury's duty to reconcile the testimony and determine who spoke the truth, and that it has done. Its verdict does not lack support in the testimony. Neither are we much concerned with the previous criminal record of the complaining witness, or of his subsequent delinquencies, if any. The jury undoubtedly considered all of this, as it did the previous criminal record of the defendant.

No error has been made to appear, and the judgment of the lower court is affirmed.