No. 34,937

THE STATE OF KANSAS, *Appellee*, v. RALPH MARSHALL, *Appellant*.

(106 P. 2d 688)

Opinion filed November 9, 1940.

*M. A. Bender,* of Holton, for the appellant.

*Jay S. Parker,* attorney general, *Eldon Wallingford,* assistant attorney general, and *Dean Shrader,* county attorney, for the appellee.

The opinion of the court was delivered by

HOCH, J.: Appellant was found guilty of giving a worthless check. Reversal is sought on the grounds of improper admission of evidence and of a wrong instruction to the jury.

On June 27, 1938, appellant bought an old tractor for $30 and gave a check for that amount. The bank refused payment and there is no contention that the appellant at that time or at any time had any funds on deposit there. Appellant was tried on a charge of violating the provisions of the no-fund check statute (G. S. 1935, 21-554), convicted by a jury in May, 1940, and sentenced to the penitentiary for a term not exceeding five years.

At the trial appellant contended that he gave the check with the understanding that it would be treated as a promissory note. Such an understanding was denied by the payee. Some months after the check was given, appellant paid fifteen dollars on the tractor; another payment of five dollars was also claimed, but whether this payment was proved or admitted the record does not disclose.

At the trial the state offered in evidence the record of a conviction of the defendant in April, 1940, on a charge of giving a no-fund check in March, 1940, for $1.80. Over objection, the evidence was

admitted. Appellant urges that it was prejudicial error to admit the record of a conviction of an offense committed nearly two years after the check in controversy was given. On cross-examination appellant also admitted the giving of other no-fund checks, explaining that they "were not supposed to go to the bank" but were used as a method by the creditor for extending credit. With reference to all this evidence the court instructed the jury, in instruction number seven, as follows:

"Some evidence has been introduced in this case tending to show the defendant had given other worthless checks similar to the one involved herein. Such evidence is admissible for the purpose of showing the intentions, inclinations and tendencies of the defendant and should be considered by you only for such purpose."

The evidence was properly admitted, for the sole purpose of throwing light on the charge of defendant's guilt by indicating tendency or intention. (*State v. Wahl*, 118 Kan. 771, 236 Pac. 652, and cases therein cited.)

Appellant complains about instruction number six, which was as follows:

"It is the contention of the defendant herein that he understood and believed that the check in controversy was issued with the understanding that it was to be treated as a promissory note. In this connection I instruct you that if you find and believe from the evidence beyond a reasonable doubt that the defendant executed and delivered said check knowing at the time that he had no funds or credits with the bank upon which said check was drawn, with which to pay the same upon presentation, then and in that event it would be no defense to this prosecution that it was agreed between the maker and payee, or that the defendant understood that the check would be held and considered as a note."

The state urges that the record does not disclose that appellant objected to this instruction. Appellant states that "an instruction to the converse was asked in writing and refused, but the judge did not file the same, so it cannot be set out." Inasmuch as the state does not controvert this statement and the motion for a new trial alleged "misdirection of the jury on a matter of law"—which appellant says referred to the instruction in question—we shall consider the issue on its merits. In doing so we are also passing over—partly in view of the sketchy and somewhat uncertain record before us—the state's contention that trial errors are not here reviewable because no appeal was taken from the order overruling the motion for a new trial, and because such order has not been assigned as

error. The appeal taken was from the conviction and judgment and from "all other judgments, orders and rulings in said action" and the alleged errors now complained of were set forth in the motion for a new trial.

The heart of appellant's contention is that the giving of a no-fund check is not an offense when the parties agree that the check is to be held and treated as a promissory note. The payee in this case denied any such agreement, and we have no special finding of the jury on this·question of fact, but have only the jury's general finding that the defendant was guilty as charged in the information. But instruction number six does not present the question raised by appellant, and we find no error in the instruction. This issue was met and squarely decided in the case of *State v. Avery*, 111 Kan. 588, 207 Pac. 838, wherein it was said: "The worthless check must be willfully drawn, knowing at the time there are no funds on deposit to meet it. Beyond that, the legislature may, for protection of the public interest, require persons to act at their peril, and may punish the doing of a forbidden act without regard to the knowledge, intention, motive or moral turpitude of the doer. . . . The purpose of the statute was to discourage overdrafts and resulting bad banking, to stop the practice of 'check-kiting,' and generally to avert the mischief to trade, commerce, and banking which the circulation of worthless checks inflicts. Although the statute tends to suppress fraud committed by the worthless-check method, the evils referred to are all quite distinct from those consequent on fraud, and the statute is to be regarded as creating a new and distinct offense." (p. 590.) (See, also, *State v. Bechtelheimer*, 151 Kan. 582, 100 P. 2d 657; *State v. Crane*, 136 Kan. 181, 14 P. 2d 634.)

The interpretation of the purpose and meaning of G. S. 1935, 21-554, given in the above-cited decisions of this court, is fortified by the provisions of G. S. 1935, 21-556, which provides in substance that prosecution under the act shall be abated upon showing and a finding by the court that the defendant had an account in the bank thirty days prior to giving the check, that the check was given without intent to defraud, and upon payment into court of the amount of the check and costs of the action. The act thus provides immunity where the defendant establishes good faith by meeting the conditions set out in the latter section. There is no contention that the section is here applicable.

No error being found, the judgment is affirmed.