No. 37,003

THE STATE OF KANSAS, *Appellee*, v. WILLIAM HUBBARD, *Appellant*.

(195 P. 2d 604)

Opinion filed July 10, 1948.

*Homer Davis*, of Leavenworth, argued the cause for the appellant.

*John H. Murray*, county attorney, and *James H. Snyder*, assistant county attorney, argued the cause, and *Edward F. Arn*, attorney general, and *Harold R. Fatzer*, assistant attorney general, were on the briefs for the appellee.

*Elisha Scott, Sr.*, of Topeka, as *amicus curiae*.

The opinion of the court was delivered by

SMITH, J.: This was a prosecution for a violation of G. S. 1935, 21-527, commonly known as robbery in the first degree. The defendant appeals.

The prosecuting witness was a young white woman, the defendant a colored man. The offense is alleged to have taken place at 6:45 p. m., on March 5, 1947. The prosecuting witness testified that at twenty minutes of seven on the day in question she left her home for the bus station, where she was to meet her brother; that as she was walking down Fourth street she passed the entrance of a building and some one stepped up behind her, grabbed her and together they slid down the embankment, which was close by; that as they reached the bottom of the embankment, he pinned her shoulders to the ground and drew back to hit her and just as he looked down into her face he grabbed her purse and ran around

the west side of the building; that thereupon she got up and ran to the bus station and told her brother. She testified that as she looked around and saw her assailant's face she knew she had seen. him somewhere. She identified the defendant sitting in the court-room as the man who had robbed her. She testified that in her purse was a billfold with a silver dollar and about thirty cents in it; that there was snow on the ground and city lights in the im-mediate neighborhood.

She testified further that two days thereafter as she was working in a restaurant the defendant entered it to get coffee and after he had left she called the police station and told them her assailant had been in the restaurant. The police came to the hotel where the defendant was janitor and when they asked the clerk who it was he had sent for coffee the clerk pointed out the defendant. He was. arrested. Later that day the prosecuting witness identified him as the man who had robbed her.

Soon after the robbery occurred the police came to the scene with the prosecuting witness and her brother, and they noted that a struggle had occurred there and followed the tracks of a man for some distance. At the trial the prosecuting witness testified about as detailed here with some inconsequential details.

In defense, the defendant denied having robbed the prosecuting witness and offered evidence that he was busy in the hotel that evening until sometime after the robbery is alleged to have occurred. There was also evidence as to his good reputation.

If the members of the jury had believed the evidence as to de-fendant's alibi the verdict would, no doubt, have been "not guilty." It was the province of the jury to weigh this evidence.

The defendant filed a motion for a new trial on various grounds. The only ones that need to be noted by us are misconduct of the jury; that the verdict was the result of passion and prejudice and that the conduct of the county attorney in using inflammatory language toward the defendant in his closing argument by making a statement in his argument that in his opinion the defendant was guilty. This motion for a new trial was overruled and the defendant duly sentenced; hence this appeal.

The errors specified are that the court erred in overruling de-fendant's motion for a new trial and in rendering judgment against defendant.

The first point argued by the defendant is that his motion for a

new trial should have been granted on account of misconduct of the county attorney. This misconduct consisted in the county attorney using the following language:

"If a big nigger like that would throw you down in the snow,"

When counsel for the defendant objected to this language the county attorney said "I change the statement to Negro, it was a slip, I did not mean it." The trial court thereupon on request of defendant's counsel admonished the jury, as follows:

"You may disregard that remark—that sentence he spoke."

The defendant relies on various cases where we have held that it was error for the court to permit vituperation and abuse of the defendant predicated upon alleged facts not in evidence. He points out that the jury was composed of seven white men and five white women. He argues the prosecuting witness was a white woman and the defendant was a colored man and that under the circumstances these words were highly inflammatory and do doubt influenced the jury to return a verdict of guilty. It is true we have said many times that an argument to the jury should be based upon the facts in the case and that vituperation and abuse and other language calculated to prejudice the jury was not proper. Not every instance in which something of that sort happens, however, warrants the setting aside of a verdict. The defendant cites and relies upon what we said in *State v. Netherton,* 128 Kan. 564, 279 Pac. 19, where we held that certain remarks of the county attorney were so prejudicial as to require a reversal. In that case there were a number of prejudicial inflammatory remarks made by counsel for the state. The court did not advise the jury not to consider the remarks and when the remarks were called to the court's attention the court still refused to advise the jury they should not consider them. In this case the reference to the race of the defendant was rather slight and almost immediately objection was made to it by counsel of defendant and the court advised the jury to disregard it. Furthermore, the question always is whether the remarks did actually prejudice the jury. It is the province of the trial court to rule upon such a question in the first place. It seems that the trial court in this instance advised the jury not to consider the remarks. Counsel for the defendant made no further motion to ask the court to admonish the jury further or to declare a mistrial. The trial judge in this case is one of wide experience in the trial of

criminal cases. We do not feel the record is such that we should interpose our judgment as to the effects of the remark upon the jury against the judgment of the trial judge.

Defendant next argues that his motion for a new trial should have been granted because of misconduct of the jury. To substantiate this ground, his counsel presented his affidavits on the motion for a new trial, a part of which was as follows:

"Affiant further states, that he is informed and believes, that immediately on entering the jury room, immediately after his Honor had presented the case to the jury for their deliberation, one of the jurors, Merle Lamborn, stated in substance or effect as follows:

" 'That nigger wasn't after any money; he wanted to rape that woman (meaning Fern Linenberger, the prosecutrix) and as soon as she recognized him, he grabbed her purse and dashed away' or words to that effect.

"Affiant states that there was no testimony whatever introduced on the trial of said cause to the effect that the defendant attempted to rape said Fern Linenberger—while on the other hand—she testified that he did not attempt to rape her."

Defendant relies upon cases where we have held that a statement by a juror to his fellow jurors upon immaterial facts not in evidence was misconduct. The trouble about that ground is that counsel for the defendant did not state that the juror actually made that statement. All he said was he had information and belief that the juror made it. Testimony of the juror was not offered in the hearing of the motion for a new trial. Here again we apply the rule that the weight and significance of such matters are to be passed on by the trial court. There was no competent evidence offered here that any juror actually made any such remark.

Defendant next argues that the trial court erred in not granting him a new trial because the county attorney in his closing argument expressed an opinion that defendant was guilty.

We have examined the affidavit of counsel for defendant, which he used on the presentation of the motion for a new trial. The record does not disclose that counsel for defendant objected to these statements at the time they were made. He permitted these statements to be made without objection and then took advantage of them on a motion for a new trial. (See *State v. Brecheisen,* 117 Kan. 542, 232 Pac. 244; *State v. Peterson,* 102 Kan. 900, 171 Pac. 1153; and *State v. Wilson,* 108 Kan. 433, 195 Pac. 618.)

The question of whether remarks of a prosecuting attorney were so prejudicial as to require a new trial is one to be decided first by

the trial court. The trial court weighs the evidence and having conducted the trial throughout is better able than is a reviewing court to decide.

We have concluded that it was not error to overrule the motion for a new trial.

The judgment of the trial court is affirmed.