No. 37,153

THE STATE OF KANSAS, *Appellee*, v. MRS. ALFRED M. DOYLE, *Appellant*.

(199 P. 2d 164)

Opinion filed November 13, 1948.

*Elisha Scott* and *John J. Scott,* both of Topeka, were on the briefs for the appellant.

*C. H. Hughes,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, and *Gerald P. Smith,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a prosecution under the worthless check law. (G. S. 1935, 21-554.)

Defendant was convicted and contends, first, the evidence disclosed the check was inadvertently written on the wrong bank. We have a statute which authorizes the abatement of a prosecution of this nature under the conditions and procedure outlined therein. (G. S. 1935, 21-556; *In re Myers,* 119 Kan. 270, 237 Pac. 1026.) No attempt was made to abate the instant prosecution in conformity with the statute. In any event the check in question was in the sum of $180 and defendant had only $10.11 on deposit in the bank on which she claimed she intended to draw the check. From this and other evidence which might be narrated it follows the jury was warranted in resolving the first contention against the defendant.

Appellant argues the consideration for the check was a quantity of whisky purchased; that under our prohibitory liquor law the consideration was illegal and this prosecution cannot be maintained. The evidence as to the consideration for the check was disputed. At any rate the contention with respect to the consideration constituted no defense to the instant prosecution. Notwithstanding it is illegal in this state to have intoxicating liquor in one's possession, that fact

does not preclude liquor from being the subject of larceny. (*State v. Stoner*, 144 Kan. 25, 58 P. 2d 472.) Neither does it prevent liquor from being the subject of purchase. Unlawful possession of liquor is a matter of the state's concern under another criminal statute. The court properly instructed the jury on this phase of the case.

The next complaint pertains to the state's evidence on rebuttal. On cross-examination appellant testified she had urged at the preliminary hearing that she inadvertently issued the check on the wrong bank. On rebuttal the justice of the peace, a state's witness, denied that testimony. Counsel for appellant states appellant did not testify at the preliminary hearing. Under those circumstances there was no record of her testimony available and we are not concerned with the rule applicable to cases in which evidence at a former trial is a matter of record. Here both witnesses testified under oath in the district court. The testimony of the justice of the peace was competent as rebuttal evidence.

It is argued the court improperly received in evidence other similar checks which were nothing more than notes which appellant had paid. In *State v. Marshall*, 152 Kan. 607, 106 P. 2d 688, we held:

"An understanding between the maker and payee of a no-fund check that the check is to be held and treated as a promissory note does not constitute in itself a defense in a prosecution for violation of the provisions of G. S. 1935, 21-554." (Syl. ¶ 2.)

In the Marshall case, we further held:

"In a prosecution for violation of the no-fund check statute (G. S. 1935, 21-554) evidence of the giving of other no-fund checks may be admitted for the sole purpose of throwing light upon defendant's alleged guilt of the offense charged, by indicating tendency or intention." (Syl. ¶ 1.)

In the instant case the court instructed the jury in harmony with the foregoing principles established by a long line of decisions in this state.

Appellant contends a new trial should have been granted owing to misconduct of the jury in discussing matters of law and evidence not authorized by the court. We find no evidence offered on this point on the motion for a new trial. It follows the contention, if otherwise good, cannot be considered on appeal. (*State v. Bechtelheimer*, 151 Kan. 582, 100 P. 2d 657; *State v. Hubbard*, 165 Kan. 406, 195 P. 2d 604.)

Appellant argues the record does show the jury improperly considered the penalty for the offense charged and that it made inquiry to the court on that subject. The record does disclose the jury

made such inquiry. The court properly instructed the jury that was a subject solely for the consideration of the court. (*State v. Bell,* 107 Kan. 707, 193 Pac. 373; *State v. Hathaway,* 143 Kan. 605, 56 P. 2d 89.)

Other minor complaints have been noted but we find no error in the record requiring or justifying a reversal of the judgment. It is affirmed.