No. 39,209

THE STATE OF KANSAS, *Appellee,* v. C. R. BEAM, *Appellant.*

(267 P. 2d 509)

Opinion
filed March 6, 1954.

*Kenneth H. Foust,* of Iola, argued the cause, and *O. E. Enfield,* of Arnett, Okla., was with him on the briefs for the appellant.

*William S. Bowers,* county attorney, argued the cause, and *John B. Pierson,* of Ottawa, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Defendant, C. R. Beam, was arrested, tried, convicted, and sentenced on a charge of having drawn and delivered a worthless check in an amount of more than $20.00, in violation of G. S. 1949, 21-554, and appeals.

The facts on which the conviction depends are so much in conflict it is impossible to outline a factual picture on the basis of admissions by the respective parties or their counsel. However, it may be stated, the record discloses ample evidence to sustain the factual conclusion, inherent in the jury's verdict, that on April 8, 1951, defendant, who had been involved in the purchase of seventeen head of cattle from Bob Lantis, the prosecuting witness, at Ottawa in Franklin County, Kansas, executed a check at or near Wellington in Sumner County, Kansas, payable to Lantis, for the agreed purchase price of such cattle and thereafter delivered such check, or caused it to be delivered, to the payee therein named, at Ottawa, through the medium of the United States mail, where it was placed in the payee's bank for collection; thereafter sent through regular business channels, and payment thereof ultimately refused by the Farmers & Merchants Bank of Arnett, Oklahoma, the bank on which it was drawn, because of insufficient funds on deposit in that institution.

In view of what has been heretofore related, as well as the issues raised on appeal, nothing would be gained by a detailed recital of the evidence adduced at the trial. For that reason, we turn directly to the errors assigned as grounds for reversal of the judgment and will refer to portions of the testimony essential to their disposition as they are given consideration.

Two of such assignments are to the effect the trial court should have sustained motions to discharge the defendant because the opening statement of the state's attorney and the evidence adduced by the state in its case in chief disclosed that the district court of Franklin county did not have jurisdiction to try the cause. Both are based upon the premise the district court lacked jurisdiction

because such opening statement, as well as the state's evidence, disclosed that the check in question was written or signed in Sumner County. Neither has merit. This court, in conformity with the provisions of G. S. 1949, 62-404, is committed to the rule that where a worthless check is executed by the maker in one county and transmitted by the United States mail to the payee in another county the jurisdiction of the offense is in either county. (*In re Myers,* 119 Kan. 270, 237 Pac. 1026.)

The record discloses two other specifications of error which can be considered together. One relates to the admission of incompetent testimony and the other to improper admission of testimony on rebuttal. The state made a prima facie case by producing the check in question and testimony on the part of one witness who stated that all writing appearing thereon, including the name of the payee, the signature of the maker and the amount payable, was placed there by the defendant. After the state had closed its case the defendant took the stand and, while he admitted the signature, stated in substance that he had signed and delivered the check in blank for another purpose to one Hugh Gillespie, with whom he had been connected in some sort of a joint adventure involving the sale and purchase of cattle, and specifically denied that the other handwriting appearing thereon was his own. After defendant had so testified the court permitted the state to offer testimony in rebuttal on the part of witnesses respecting the handwriting of the defendant. Two of these witnesses produced instruments, known to have been defendant's handwriting, which were admitted. The third witness was a handwriting expert, who testified that after an examination of the check and the instruments to which reference has just been made, he was of the opinion that the check had been written by the defendant in its entirety. All of this evidence was objected to by defendant on the ground it was not competent because it was a part of the state's case in chief and he now argues, without producing any authorities to support his position, that such evidence was no part of the state's rebuttal; that its admission was prejudicial to his rights; and therefore constitutes grounds for reversal of the judgment. There are two short answers to these contentions. The first is that under the confronting circumstances this evidence was properly admitted on rebuttal for the purpose of refuting defendant's claim to the effect that nothing appearing on the check, except the signature, was in his handwriting. The second is, that under our decisions (see *The State v. Gibbs,* 105

Kan. 52, 181 Pac. 569; *The State v. Abrams,* 115 Kan. 520, 223 Pac. 301; *The State v. McReynolds,* 118 Kan. 356, 360, 234 Pac. 975; *State v. Haines,* 128 Kan. 475, 477, 278 Pac. 767), the admission of such evidence, even though it be assumed it pertained to the state's case in chief, did not prevent the defendant from having a fair trial and affords no sound ground for reversal of the judgment. Indeed, after the defendant while testifying as a witness in his own behalf conceded the signature but denied the balance of the check was in his handwriting, sound reason and the furtherance of justice, which we pause to note are the bases on which evidence is held to be properly admissible under the foregoing decisions even where it is to be regarded as a part of the original case, required admission of the evidence which defendant now argues was erroneously received.

During the course of the trial and while the defendant was on the stand he was asked on cross-examination whether he did not know that the sheriff of Franklin county had a warrant for him for an insufficient fund check out in Western Kansas and promptly answered no. Immediately his attorney objected to the question and in effect asked that the answer be stricken. Thereupon the trial court promptly instructed the jury that it was admonished to disregard the testimony regarding the question and the answer given in response thereto. In connection with this same matter it may be added that 10a of the court's instructions to the jury reads as follows:

"During the trial of this case, certain testimony has been offered, and objections made thereto sustained or, in some cases, the evidence was ordered stricken. Yeu are instructed not to consider any of such evidence that has not been admitted by the court or which was ordered stricken by the court."

Notwithstanding what has just been related the defendant contends the question was prejudicial to his rights and requires a reversal of the judgment. We do not agree. Conceding for purposes of argument that the question was improper, the error, if any, with respect to both the question and the answer was cured by the trial court's action in orally instructing the jury to disregard the question as well as the answer and by its subsequent instruction when the cause was finally submitted.

See *The State v. Bell,* 109 Kan. 767, 201 Pac. 1110, which holds:

"Error cannot ordinarily be predicated by a defendant in a criminal case on the admission of evidence to which he makes timely objection, when his objection is promptly sustained and the jury is directed to disregard such evidence." (Syl. ¶ 4.)

See, also, *City of Wichita v. Hibbs,* 158 Kan. 185, 146 P. 2d 397, where it is said:

". . . Even if the testimony about which appellant complains had been improper and even though the trial court had abused its discretion in determining the extent of the cross-examination, which it did not do, appellant still could not be heard to complain because the prompt striking of improper evidence accompanied with an instruction by the court to disregard it cures the error of its admission where it does not affirmatively appear the temporary reception of such evidence resulted in prejudice to the substantial rights of the defendant. (See *State v. Bisagno,* 121 Kan. 186, 246 Pac. 1001, and *State v. Williams,* 126 Kan. 375, 267 Pac. 1095.)" (p. 189.)

Other grounds of error relied on relate to the instructions. At the close of the trial the court instructed the jury at length as to the applicable law. In view of arguments advanced respecting them certain of the instructions submitted are of importance and should be noted. They read:

"No. 6. If you find and believe from the evidence in this case beyond a reasonable doubt that the defendant, C. R. Beam, did on or about the 8th day of April, 1951, willfully make, draw, utter, issue his certain check in writing, drawn upon the Farmers & Merchants Bank of Arnett, Oklahoma, in the sum of $5,710.00 payable to the order of Bob Lantis, and willfully deliver, or cause the same to be delivered, to R. J. Lantis in Franklin County, Kansas, by United States Mail or otherwise, knowing at the time of the making, drawing, uttering and delivering of said check that he, C. R. Beam, had no funds on deposit in, or credits with said bank with which to pay said check upon presentation, you should find the defendant guilty as charged in the information, otherwise you should find him not guilty.

"That is, if you entertain a reasonable doubt as to whether or not said check was knowingly and willfully made and signed by the defendant, and delivered, or caused to be delivered, by the defendant, to R. J. Lantis in Franklin County, Kansas, or that at the time defendant drew, made, uttered and delivered, if you find that to be the fact, or if you entertain a reasonable doubt as to whether he knew that he had no funds or credit in said bank on which said check was drawn to pay it upon presentation, you should find the defendant not guilty as charged in the information.

"No. 6a. You are further instructed that it is no defense to the charge alleged in the information in this case to show that someone else may have previously written a different check for the same amount and for the same obligation, and that someone else may have violated the section of the statute which the defendant is charged with violating.

"No. 10b. There has been some testimony regarding the fact that this case has previously been tried. You are instructed not to consider that fact in your consideration of this case and you are not to permit that fact to enter into your deliberations on this case in any way."

Defendant makes no complaint of instruction 6, either in the brief

or on oral argument. Therefore, under the rule of universal application, it must be regarded as stating the law of the case.

In connection with the direct examination of defendant, while testifying in his own behalf, he was asked by his own counsel whether or not Hugh Gillespie bought seventeen head of cattle from Mr. Lantis in March, 1951, and gave Lantis his check in the sum of $5,710. On objection defendant was not permitted to answer this question. Specifically, the complaint lodged against instruction 6a is that the giving thereof was prejudicial to defendant because his answer to the foregoing question was excluded. No argument is advanced on this point and we are somewhat at a loss to understand just what defendant's position is with respect thereto. Any objection based on the premise there was nothing in the record to warrant the giving of the instruction lacks merit and he cannot now be heard to complain thereof because he himself brought the question into the case and made it necessary for the court to advise the jury as to whether the giving of a prior check would constitute a defense to the action. On the other hand, assuming that his objection is predicated upon the proposition that such instruction is erroneous as a matter of law it still lacks merit, under our decisions, and cannot be upheld.

See, *e. g.*, the comparatively recent case of *State v. Marshall*, 152 Kan. 607, 106 P. 2d 688, later cited with approval and adhered to in *State v. Doyle*, 166 Kan. 5, 199 P. 2d 164, where, after approving an instruction somewhat similar to instruction 6a here involved and after giving consideration to the defenses available in a prosecution under the provisions of G. S. 1935, 21-554, now G. S. 1949, 21-554, we said:

"The heart of appellant's contention is that the giving of a no-fund check is not an offense when the parties agree that the check is to be held and treated as a promissory note. The payee in this case denied any such agreement, and we have no special finding of the jury on this question of fact, but have only the jury's general finding that the defendant was guilty as charged in the information. But instruction number six does not present the question raised by appellant, and we find no error in the instruction. This issue was met and squarely decided in the case of *State v. Avery*, 111 Kan. 588, 207 Pac. 838, wherein it was said: 'The worthless check must be willfully drawn, knowing at the time there are no funds on deposit to meet it. Beyond that, the legislature may, for protection of the public interest, require persons to act at their peril, and may punish the doing of a forbidden act without regard to the knowledge, intention, motive or moral turpitude of the doer. . . . The purpose of the statute was to discourage overdrafts and resulting bad banking, to stop

the practice of "check-kiting," and generally to avert the mischief to trade, commerce, and banking which the circulation of worthless checks inflicts. Although the statute tends to suppress fraud committed by the worthless-check method, the evils referred to are all quite distinct from those consequent on fraud, and the statute is to be regarded as creating a new and distinct offense.'" (p. 609.)

For other decisions involving prosecutions under the worthless-check act, where the rule announced in the foregoing decisions has been recognized, approved and applied, see *State v. Crane*, 136 Kan. 181, 183, 14 P. 2d 634; *State v. Goodrich*, 136 Kan. 277, 279, 15 P. 2d 434; *State v. Gillen*, 151 Kan. 359, 363, 99 P. 2d 832; *State v. Bechtelheimer*, 151 Kan. 582, 586, 100 P. 2d 657.

See, also, *State v. Brown*, 173 Kan. 166, 244 P. 2d 1190, recognizing and applying the rule under other statutes where—as here—commission of an act is made a crime by their terms, which holds:

"Following *The State v. Bush*, 45 Kan. 138, 25 Pac. 614, and other decisions cited in the opinion, it is *held:* (1) That when the commission of an act is made a crime by statute, without any express reference to any intent, then the only criminal intent necessarily involved in the commisison of the offense is the intent to commit the interdicted act and (2) that in such a case it is not necessary to formally or expressly allege such intent, or any intent, but to simply allege the commission of the act, and the intent will be presumed." (Syl. ¶ 8.)

Defendant contends there was no evidence to show that there had been a previous trial and that therefore instruction No. 10b was erroneous and prejudicial. No one denies there had been a prior trial of this case in the district court of Franklin County. Doubtless the trial court was aware, and for that matter this court takes judicial notice, that in a community the size of Franklin County it would be extremely difficult, if not almost impossible to obtain twelve jurors who had no knowledge of the fact there had been a prior trial. Under such circumstances we have little difficulty in concluding that this instruction was proper. Of a certainty the giving thereof did not prejudice or affect the substantial rights of the defendant, hence under our statute, G. S. 1949, 62-1718, error therein, if any, would not warrant the granting of a new trial.

Finally defendant contends that the trial court erred in rejecting and excluding competent evidence offered by the defendant on direct examination of his witnesses and on cross-examination of the state's witnesses. The state challenges the right of the defendant to be heard on this specification of error because the oral evidence offered and excluded was not brought to the attention of the trial court by affidavit or otherwise at the hearing of the motion for a

new trial. Our examination of the record discloses that the state's contention on this point is factually correct. The result, under our decisions, is that this claim of error is not open to appellate review.

See, e. g., *The State v. Ball,* 110 Kan. 428, 204 Pac. 701, where it is held:

"The rule that proffered testimony excluded at the trial must be brought on the record in support of the motion for a new trial by affidavit, deposition or oral testimony, before it can be made the basis of reversible error, is the same in criminal as in civil cases, and unless the excluded evidence is thus submitted, no error can be predicated thereon—following *The State v. Wellman,* 102 Kan. 503, 512, 170 Pac. 1052." (Syl. ¶ 1.)

For other decisions of like import wherein the rule announced in the foregoing decision is recognized and applied see *State v. Vandruff,* 125 Kan. 496, 264 Pac. 1060; *State v. Crane,* supra; *State v. Riner,* 143 Kan. 520, 54 P. 2d 990; *State v. Bechtelheimer,* supra; *State v. Berry,* 170 Kan. 174, 223 P. 2d 726; *State v. Osburn,* 171 Kan. 330, 335, 232 P. 2d 451.

The rule, it may be added, is the same where the evidence in question has been excluded on cross-examination (see *State v. Thomas,* 157 Kan. 526, 142 P. 2d 692; *State v. Thomas,* 173 Kan. 460, 462, 249 P. 2d 645).

In reaching the conclusion just announced we have not overlooked the defendant's contention that the rule requiring evidence excluded at the trial to be produced upon the hearing of the motion for new trial does not apply to depositions, to documentary evidence or to testimony received and thereafter stricken out. That may be conceded. The trouble from defendant's standpoint is that the exception to the rule has no application where—as here—the propriety of the rulings complained of on appellate review depends upon, and cannot be determined without, an examination of both oral and documentary evidence.

We find nothing in the record which requires or permits a disturbance of the judgment. Therefore it must be and it is hereby affirmed.

It is so ordered.