No. 40,302

STATE OF KANSAS, *Appellee,* v. MERCED VARGAS, *Appellant.*

(308 P. 2d 81)

Opinion filed March 9, 1957.

*George W. Donaldson,* of Chanute, argued the cause, and was on the briefs for the appellant.

*Charles F. Forsyth,* County Attorney, of Erie, argued the cause, and *John Anderson, Jr.,* Attorney General, and *Paul E. Wilson,* Assistant Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant appeals from a conviction on two counts of an information under G. S. 1949, 21-431. The first count charged him with assault with means and force likely to produce great bodily harm and with intent to maim Richard Edington, and the second count with assault with a deadly weapon with intent to maim David Patton. The facts pertinent to the questions involved are briefly related: On August 27, 1955, defendant with some boy companions drove from Topeka to Chanute to attend a wedding dance. About 10 o'clock that evening, Richard Edington and Frank Schul, high school youths, were walking along main street in Chanute when accosted by defendant and his two companions. One of

them asked Edington if he knew a certain boy. He replied that he did not, and was sorry he could not help them, and started down the street. Defendant and his companions followed Edington and Schul down the street a distance when one of them asked Edington if he was trying to get smart, and immediately struck Edington in the jaw and knocked him to the ground. While he was lying on the ground, the defendant and one or more companions tromped and kicked him, cutting over and below one of Edington's eyes and causing other large bumps and bruises on his forehead. Edington's companion, Schul, ran to get help and encountered David Patton. They returned and found defendant and his companions in an automobile parked parallel to the curbing on the south side of the street. Patton approached the car on the driver's side and asked what was going on. Defendant, seated next to the driver, reached across him and cut Patton across the right eye and lid with a switchblade knife, but it did not affect the eyeball. Edington and Patton had their wounds sewn up and dressed. Defendant and his companions were taken to the police station, booked and kept overnight. The following morning, defendant was questioned at the police station by the county attorney and the chief of police. Prior to questioning defendant, the county attorney advised him it was not necessary for him to tell them anything, and that he had a right to consult an attorney before he talked to them. Defendant said he wanted to go ahead and tell them what they wanted to know. Defendant stated, in substance, that he had accosted Edington and Schul and he had kicked Edington. He further stated he had cut Patton with fingernail clippers which he had in his possession. Later that morning when defendant was confronted with a brown switchblade knife, found in the car near the place he was sitting when apprehended, he stated it was his knife and he used it to cut Patton. Defendant's brother testified that defendant was twenty years of age. Defendant was definitely identified by several witnesses as the one who committed the assaults on Edington and Patton. In view of the questions involved, it is not necessary to relate other testimony. The jury returned a verdict finding defendant guilty as charged in each count of the information. From an order overruling defendant's motion for a new trial, he appeals and asserts that the trial court erred (1) in the admission of certain evidence; (2) in allowing improper argument by the county attorney, and (3) in erroneously instructing the jury that intent might be presumed.

Defendant contends that the court erred in admitting, over his objection, the evidence of law enforcement officers who testified relative to certain statements made to them by defendant at the police station the morning after the assault, regarding his assaults on Edington and Patton. It is defendant's position that the statements made by him amounted to a confession and, inasmuch as he was a minor twenty years of age, he could not confess or plead guilty to a felony in open court, and cited in support thereof, *State v. Oberst*, 127 Kan. 412, 273 Pac. 490. We have examined this authority, and without going into a detailed review, it is clearly inapplicable under the facts in the instant case. In that case, defendant, seventeen years of age, was permitted to plead guilty to murder without advice of counsel. Later, on advice of counsel, he asked permission to withdraw his plea and enter a plea of not guilty. We held it was error for the trial court to deny the request to withdraw the plea.

It must be remembered defendant had been fully advised of his rights by the county attorney that morning. He had not been formally charged with any offense, nor had he been brought before any examining magistrate. The record disclosed that no formal complaint was filed against him until a later date, and after the complaint was filed, defendant was represented by counsel during all stages of the proceedings. At no time during the trial, either prior to or after making the objection to the testimony of the law enforcement officers, was there any suggestion or contention made on the part of defendant that statements made by him were not freely made, or that threats, duress or other improper means were responsible for his making them. From our review of the record, and without further comment, we think it is fully disclosed that the statements made by defendant amount to neither a plea of guilty nor a confession. They were nothing more than admissions against interest, and the evidence was properly admitted. We adhere to our well-established rule that where admissions against interest in criminal cases are freely made without inducement or duress, or brought about by other improper means, they are admissible in evidence. (*State v. Smith*, 158 Kan. 645, 649, 149 P. 2d 600, and cases therein cited; *State v. Simpson*, 169 Kan. 527, 220 P. 2d 175; *State v. Cushinberry*, 180 Kan. 448, 451, 304 P. 2d 561.)

We have reviewed the record on defendant's contention that a portion of the county attorney's closing argument in the case was

prejudicial to him, and we are unable to find any statement to justify a reversal in the case.

Among other instructions, the court gave the following:

8. "You are instructed that it is the specific intent to maim, or the injury inflicted and the act liable to produce death or great bodily harm which changes the simple assault to that of a felony."

9. "The gist of every alleged criminal act is to be found in the intent with which such act is done, and no act is a crime unless done with a guilty or evil intent, and I have already told you that the defendant is in law presumed to be innocent of any guilty intent, and that intent, like every other ingredient of the crime, must be proved by the evidence beyond a reasonable doubt. Upon this question of intent, however, I further instruct you that the law presumes every man of sound mind to intend the reasonable and natural consequences of any act intentionally done, and this presumption of law will always prevail unless from a consideration of all the evidence there arises a reasonable doubt whether such guilty intention did exist."

Defendant asserts that Instruction No. 9 was wrong on two grounds. First, the presumption that a man intends the reasonable and natural consequences of his act, though correct within a limited field, and when properly restricted in reference to a general criminal intent, has no application to a specific intent, such as intent to maim. Second, the law will not presume an intention beyond what was accomplished by the act. Defendant was charged and convicted under G. S. 1949, 21-431, which covers assault with intent to maim, and it is true under that statute the specific intent to maim was an essential ingredient of the offense. We think defendant's contention is too narrow and is not susceptible of the interpretation placed on it by him. The facts and circumstances of each assault were fully developed on the part of the State. Defendant introduced no evidence to refute the State's evidence. In Instruction No. 8, the court told the jury that the specific intent to maim and the act liable to produce great bodily harm were elements necessary to change the simple assault to felony, and in the first part of Instruction No. 9, stated that intent, like every other ingredient of the crime, must be proved by the evidence beyond a reasonable doubt. The court further stated that the law presumes every man of sound mind to intend the reasonable and natural consequences of any act *intentionally* done, and this presumption of law prevails unless from a consideration of all the evidence there arises a reasonable doubt whether such guilty intention did exist. The instruction does not say that specific intent should be presumed. The same contention made by defendant was made in the case of *State v. Riner*, 143 Kan.

520, 522, 54 P. 2d 990, and the objectionable provision of the instruction was there approved. (See, also, *State v. Lammon,* 153 Kan. 822, 825, 113 P. 2d 1052; *State v. Myers,* 154 Kan. 648, 121 P. 2d 286.)

We have reviewed the seventeen instructions given by the trial court and, when considered together, we are unable to find any reversible error.

It follows that the judgment of the trial court is affirmed.