No. 40,342

CITY OF TOPEKA, *Appellee,* v. WALTER BURGEN, *Appellant.*

(309 P. 2d 415)

Opinion filed April 6, 1957.

*Jacob A. Dickinson, David Prager, William W. Dimmitt, Jr.,* and *Sam A. Crow,* all of Topeka, were on the briefs for the appellant.

*Malcolm G. Copeland,* of Topeka, argued the cause, and *Charles S. Fisher, Jr., Frederic J. Carman* and *James H. Hope,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: Defendant was charged with violating two ordinances of the city of Topeka—driving a motor vehicle while under the influence of intoxicating liquor, and with leaving the scene of an accident involving damage to a vehicle driven by another person. Following conviction in the police court he appealed to the district court. There he was acquitted of the first charge and convicted of the second, and has appealed.

While testifying on direct examination in her husband's behalf, the wife of defendant was questioned concerning a conversation she had had with the complaining witness. The question presumably concerned alleged prior out-of-court statements on the part of

the complaining witness inconsistent with a portion of his testimony given in the city's case in chief. The city's objection to the question put to defendant's wife was sustained and from the record it appears the subject was pursued no further.

As already stated, the jury returned a verdict of guilty as to count two. Defendant's motions in arrest of judgment and for a new trial were overruled, and he was sentenced to confinement for a period of ten days and to pay the costs of the action. He appealed from all adverse rulings, including the ruling on his motion for a new trial. His only specification of error is:

"The Court erroneously excluded evidence of and on behalf of the defendant."

In his brief he states that the only question involved is whether the trial court erroneously excluded evidence of and on his behalf.

At the outset, we are confronted with the proposition whether defendant is entitled to have the question reviewed.

G. S. 1949, 62-1414, in substance provides that verdicts may be set aside and new trials granted on the application of a defendant in criminal cases for like causes and under like circumstances as in civil cases.

G. S. 1949, 60-3004, provides that in all cases where the ground of the motion for a new trial is error in the exclusion of evidence such evidence shall be produced at the hearing of the motion by affidavit, deposition or oral testimony.

Here the defendant did not produce the excluded evidence by affidavit, deposition or oral testimony. He did nothing to comply with the statute. He therefore falls squarely within the rule stated in *The State v. Wellman*, 102 Kan. 503, 170 Pac. 1052, L. R. A. 1918D 949, Ann. Cas. 1918D 1006, where it was held:

"The provision of the civil code that, in order to preserve for review a ruling excluding evidence, the evidence must be produced at the hearing of the motion for a new trial, applies as well in criminal cases, inasmuch as the criminal code makes such a ruling, if erroneous, a ground of new trial only by the adoption of the civil procedure in relation thereto." (Syl. 4.)

The rule has been followed in numerous cases, among them being *The State v. Ball*, 110 Kan. 428, 204 Pac. 701; *State v. Vandruff*, 125 Kan. 496, 264 Pac. 1060, and *State v. Beam*, 175 Kan. 814 (Syl. 4), 267 P. 2d 509. The purpose of the requirement that where the exclusion of evidence is relied upon as a ground for a new trial the evidence must be produced at the hearing is obviously that the

court may be advised as to what the party complaining could have shown regarding the matter to which it related if he had been given the opportunity. (*Cornwell v. Moss,* 95 Kan. 229, 236, 147 Pac. 824.)

It therefore follows that, as to the question relating to the exclusion of evidence, there is nothing for this court to review. Our review of the record leads to the conclusion that the verdict and judgment rendered are supported by evidence and, no error being made to appear, the judgment must be and is therefore affirmed.