Railroad Co. v. Hays.

ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY
v. JAMES H. HAYS.

**No. 350.**

1. EVIDENCE—*Inspection of Memoranda.* Any writing used by a witness to refresh his memory must be produced and shown to the adverse party, if he requires it, who may cross-examine the witness thereon.

2. RAILROADS — *Fire Damage—Special Findings.* Where the jury find that the railroad company is negligent only in allowing the accumulation of combustible material on its right of way, the company is not prejudiced by the refusal of the court to compel the jury to answer special questions relating to other items of negligence.

3. ———— *Statutory Provisions—Inapplicable Decisions.* Distinctions are to be made between the decisions of the supreme court on questions of negligence arising prior to the passage of the law of 1885 (Laws 1885, ch. 155; Gen. Stat. 1889, ¶ 1321; Gen. Stat. 1897, ch. 70, § 32) on that subject, and acts of negligence arising subsequent to its passage.

4. ———— *Measure of Damages—Testimony.* The plaintiff's recovery for damages to real estate by fire caused in the operation of a railroad is limited to the actual diminution in the value of the realty; but while this may be shown either on cross-examination of the plaintiff's witness or as a matter of defense, it does not prevent proof by the plaintiff of the value of the thing destroyed as a part of the realty.

5. EVIDENCE—*Objection.* No objection to testimony will be considered unless the grounds thereof are stated.

Error from Cowley district court; JAMES McDERMOTT, judge *pro tem.* Opinion filed September 21, 1898. Affirmed.

*A. A. Hurd,* and *Stambaugh & Hurd,* for plaintiff in error.

*Pollock & Lafferty,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Cowley county by the defendant

35—8 KAN. APP.

in error to recover from the plaintiff in error damages sustained by the burning of fruit-trees and hedge which were growing on his farm near Winfield. The petition alleged that the fire was caused by the plaintiff in error in the negligent operation of its railroad. Verdict and judgment were rendered for plaintiff below in the sum of $891.50 as damages, and $150 attorneys' fees. The railroad company brings the case here for review.

Counsel for plaintiff in error contend that the court erred : (1) In permitting the introduction of certain testimony ; (2) in the giving of certain instructions ; (3) in refusing to give certain instructions ; (4) in discharging the jury without requiring them to answer certain questions ; (5) in refusing to render judgment for plaintiff in error on the special findings of the jury ; and (6) in overruling the motion of the plaintiff in error for a new trial.

The first ruling complained of was in permitting the cross-examination of the witness Hawkins as to the contents of a report from which he refreshed his memory during his examination in chief. In Stephen's Digest of the Law of Evidence, article 137, it is said : "Any writing referred to under article 136 (to refresh memory of witness) must be produced and shown to the adverse party if he requires it; and such party may, if he pleases, cross-examine the witness thereupon." See 7 A. & E. Encycl. of L. 111.

We have carefully examined the instructions given by the court as well as those refused, and have followed closely the argument of counsel thereon, and conclude that the court fairly and fully instructed the jury on the law as applicable to the pleadings and the evidence.

The special questions to which the jury made the

answer " Do n't know " all relate to the competency
and skill of the engineer and the condition of the en-
gine and its appliances to prevent the escape of fire.
We think the jury could have answered these ques-
tions under the evidence and should have been required
to do so.   However, the jury found that the negli-
gence of the company consisted of "allowing accumu-
lation of grass and combustible material on its right
of way."   We therefore cannot say that the plaintiff
in error was prejudiced by the refusal of the court to
require answers to the questions.

Counsel for plaintiff in error contend that, as the
jury found that the company was negligent only in
allowing the accumulation of grass and other com-
bustible material on its right of way, the company
is not guilty of such negligence as would make it
liable, and cites *Kansas Pac. Rly. Co. v. Butts*, 7 Kan.
308, and *A. T. & S. F. Rld. Co. v. Riggs*, 31 Kan. 622,
3 Pac. 305.   These decisions were made prior to the
passage of the law of 1885 (Laws 1885, ch. 155;
Gen. Stat. 1889, ¶ 1321 ; Gen. Stat. 1897, ch. 70, § 32),
which provides that it shall only be necessary for the
plaintiff to show that the "fire complained of was
caused by the operation of said railroad and the
amount of his damages " to make a *prima facie* case;
of negligence against the railroad company, and hence;
are not applicable to this case.

Counsel for plaintiff in error contend, also, that the
motion for a new trial should be sustained, for the
reason that the plaintiff below tried the case on the
wrong theory as to the measure of damages. Hays.
owned the land, and the trees were permanent im-
provements.   The damages were found from evidence
as to the number of trees destroyed and the value of
each tree, and the rods of hedge destroyed and its value;

instead of the value of the land before and after the fire.   It was held by the supreme court in *Railway Co. v. Lycan*, 57 Kan. 635, 47 Pac. 526, that the plaintiff's recovery would be limited to the actual diminution in the value of the realty ; but that while this may be shown either on cross-examination of the plaintiff's witnesses or as a matter of defense, it does not prevent proof by the plaintiff of the value of the thing destroyed as a part of the realty.   The plaintiff in error in this case made no attempt to show the diminished value of the realty in any way, and made no proper objection to the introduction of evidence as to the value of the trees and hedge. ` The only objection was : `` Defendant objects to the question and to the competency of the witness to answer the question.'' No objection will be considered unless the grounds thereof are stated.   The only objection is, therefore, as to the competency of the witness to answer the question.

The judgment of the district court is affirmed.