No. 46,854

STATE OF KANSAS, *Appellant*, v. DANIEL L. INGRAM, *Appellee*.

(506 P. 2d 1148)

Opinion filed March 3, 1973.

*R. K. Hollingsworth*, chief deputy county attorney, argued the cause, and *Vern Miller*, attorney general, *Keith Sanborn*, county attorney, and *Ted Peters*, deputy county attorney, were on the brief for appellant.

*Richard H. Rumsey*, of Rumsey & Cox, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal by the state on a question reserved in a prosecution for the offense of taking indecent liberties with a child.

The question raised is whether the trial court erred in refusing to submit to the jury an instruction on aiding and abetting.

In a single-count information which is the basis of this prose-

cution it was charged that one Dennis M. Glover and Daniel L. Ingram, the defendant-appellee herein, fondled and touched the person of a fourteen year old girl who was not the spouse of either, with intent to arouse and satisfy the sexual desires of Glover and appellee.

Evidence adduced at trial in support of this charge showed that on the afternoon in question the victim and another girl were driven in a station wagon to a rural Sedgwick county area. The girls were accompanied by at least four (and possibly more) young men, including Glover and appellee. There conversation occurred in which the young men told the victim she would have to lose her virginity sooner or later. When the victim was not persuaded that this propitious moment had arrived and she should respond voluntarily to the occasion, the youths grabbed her, forcibly removed her shorts and underclothing and put her on her back in the rear of the station wagon. Appellee held her legs and left arm, the latter with force sufficient to bruise it. Others of the youths were lending assistance in the venture. The victim was screaming. Glover removed his trousers and attempted to lie on top of the girl. He touched her vagina. Another of the boys touched her breasts. Appellee did not touch her except on the arm and legs. The group apparently desisted in further advances immediately after Glover attempted to lie on her although appellee wanted to go on and had to be "convinced" by one of the other boys to stop.

At the conclusion of all the evidence the prosecution requested, but the trial court refused to give, the following instructions:

"No. 6

"You are instructed that under the laws of this state, anyone who counsels, aids or assists another or others in the commission of any crime, either by conspiring, counseling, advising or assisting in any manner in the preparation or completion thereof is equally guilty with the one actually committing the crime without regard to the extent of their participation and is guilty of such crime as though he had himself, without assistance, committed the crime.

"The mere presence of a person who in no way counsels, aids or assists others in the commission of a crime by conspiring, counseling, advising or assisting in any manner in the preparation or completion thereof does not make such person guilty of the crime."

The jury found appellee not guilty and this appeal ensued. The sole issue is the propriety of the court's refusal to give requested instruction No. 6.

At first blush it might appear, inasmuch as no other instruction on aiding and abetting was given, that the refusal was improper.

Certainly a trial court has the duty to instruct the jury in all matters of law necessary for it to reach a verdict (*State v. Coltharp*, 199 Kan. 598, 433 P. 2d 418). And K. S. A. 1972 Supp. 21-3205 in part provides:

"*Liability for crimes of another.* (1) A person is criminally responsible for a crime committed by another if he intentionally aids, abets, advises, hires, counsels or procures the other to commit the crime.

. . . . . . . . . . . . . .

"(3) A person liable under this section may be charged with and convicted of the crime although the person alleged to have directly committed the act constituting the crime lacked criminal capacity or has not been convicted or has been acquitted or has been convicted of some other degree of the crime or of some other crime based on the same act."

It cannot be doubted that taking indecent liberties with a child is an offense susceptible to participation by an aider and abettor in its commission. In *State v. Jackson*, 201 Kan. 795, 443 P. 2d 279, cert. denied 394 U. S. 908, 22 L. Ed. 2d 219, 89 S. Ct. 1019, the appellant was convicted of robbery and forcible rape. In holding the evidence sufficient to support the convictions, this court stated:

"One who aids and abets in the commission of an offense may be charged, tried and convicted as though he were a principal. The evidence was to the effect that there were seven persons in an automobile—five young men and two juveniles. One of the young men stood in front of the victims' automobile, two stood on the guest's side and two accosted the driver. After the driver was knocked down the appellant took his watch and billfold. The appellant searched the glove compartment while the young lady was being raped in the back seat of the automobile. The appellant kicked out the lights and tore out the wires under the hood of the vehicle to prevent the victims from leaving the scene of the crime for help." (pp. 799-800.)

At this point, then, it would appear the state was entitled to the requested instruction inasmuch as each party to an action is entitled to have the jury instructed with reference to his theory of the case where such theory is supported by evidence and the instruction is properly framed. There was evidence appellee touched the victim in that he held her by the arm or legs at a time when others were touching her person within the meaning of K. S. A. 1972 Supp. 21-3503(1) which in part provides:

"*Indecent liberties with a child.* (1) Indecent liberties with a child is engaging in either of the following acts with a child under the age of sixteen (16) years who is not the spouse of the offender:

. . . . . . . . . . . . . .

"(b) Any fondling or touching of the person of either the child or the offender done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both."

However, it is also fundamental that the propriety of instructions to a jury is to be gauged by their consideration as a whole, each in conjunction with all other instructions in the case (*State v. Addington*, 205 Kan. 640, 472 P. 2d 225).

The only other instruction given by the court respecting the elements of the offense charged or its commission in any way was instruction No. 2, as follows:

"The defendant is charged with the crime of indecent liberties with a child. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant touched the person of [the victim] with intent to arouse or to satisfy the sexual desires of the defendant, Daniel L. Ingram; and

"2. That [the victim] was then a child under the age of 16 years and not the spouse of the defendant; and

"3. That this act occurred on or about the 9th day of June, 1971, in Sedgwick County, Kansas."

The record reveals no objection to this instruction and no request for any further instructions respecting the elements of the alleged offense or the manner of its commission. The remainder of the instructions were simply of a routine nature appropriate to any jury trial in a criminal case. Thus we see that in the instructions given, as well as in that requested, there was no mention of Glover or of the significance, if any, of his conduct. Instruction No. 2 did not conform to the information upon which the prosecution was based in that it omitted the fondling aspect of the charge and simply referred to a touching by appellee with intent to arouse or satisfy his own sexual desires. This instruction then treated appellee as a principal and indeed, we cannot say improperly so, inasmuch as there was evidence appellee touched the girl with the requisite intent (arousing or satisfying his own sexual desires) and conceivably he might have been so convicted.

To add to the problem of possible confusion on the part of the jury the requested instruction No. 6 was in the abstract while instruction No. 2 was framed in specific terms and no other instruction defined the offense in general or abstract terms. Instructions that are simply abstract statements of principles of law may under some circumstances be difficult or confusing for a jury to apply to the facts of a particular case. We think that could have been the situation here if the requested instruction, without its better integration with instruction No. 2, had been given. The difficulty might well have arisen concerning intent—what act was done with intent to

arouse or satisfy the sexual desires of whom, Glover or appellee?

We cannot say that within the framework of the instructions given to the jury and accepted by all, the trial court clearly erred in failing to give the requested instruction.

The appeal is not sustained.

APPROVED BY THE COURT.

FROMME, J., dissenting. The trial judge has the responsibility for safeguarding both the rights of the accused and the interests of justice in the administration of criminal justice. The adversary nature of the proceedings does not relieve the trial judge of the obligation of raising on his own initiative, at all appropriate times and in an appropriate manner, matters which may significantly promote a just determination of the trial. The only purpose of a criminal trial is to determine whether the prosecution has established the guilt of the accused as required by law. (ABA Standards of Criminal Justice, The Function of the Trial Judge [June, 1972], § 1.1; see also *State v. Keehn*, 85 Kan. 765, 118 Pac. 851, and *State v. Bean*, 179 Kan. 373, 295 P. 2d 600.)

In a criminal action it is the duty of the trial court to instruct the jury on the law applicable to the theories of both the prosecution and the accused so far as they are supported by any competent evidence. The instructions given must be germane to the issues raised by the charge in the information and limited to those issues supported by some evidence. (*State v. Hamrick*, 206 Kan. 543, 479 P. 2d 854; K. S. A. 1972 Supp. 22-3414 [3].)

Under the law of this state an accused may by information be charged along with another as having committed a crime when it is apparent his participation in the crime was only to the extent of aiding and assisting the other. This was the present case. When the state requested an instruction on aiding and assisting in the crime of Glover in this case the trial court was obligated to give some such instruction and, if necessary, to change the other instructions of the court in all particulars necessary to fairly apprise the jury of the law.

This was not done in the present case since instruction No. 2 of the court specifically limited the instruction to Ingram and there was no way the jury could have found Ingram guilty of aiding and assisting Glover in the act. When requested instruction No. 6 was submitted by the state the trial court had a duty to

give such an instruction and to make any changes in the other instructions so when read as a whole they would be applicable to the theories of both the prosecution and the accused.

The appeal by the state should be sustained.

SCHROEDER, J., joins in the foregoing dissenting opinion.