No. 46,626

State of Kansas, *Appellee*, v. Robert B. Mans, *Appellant*.

(515 P. 2d 810)

Opinion filed November 3, 1973.

*Russell Shultz,* of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf,* Assistant District Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Keith Sanborn,* District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: The defendant, Robert B. Mans, was convicted by a jury of aggravated assault (K. S. A. 1972 Supp. 21-3410). The prosecution stemmed from a shooting incident, with some racial overtones, which took place in a low rent housing development in Wichita.

Between 9 and 10 p. m. on July 28, 1971, a number of rounds of .22 calibre rifle bullets were fired from inside a 1959 Chevrolet

Convertible into a house occupied by Donna B. Shugart, a black woman, and her children. There was evidence that someone in the passing automobile was heard to cry out obscenities including "Nigger get out! Nigger go home!" The automobile was identified as owned and driven by Gary Ashley. In addition to Ashley the automobile was occupied by Vesta Ross and defendant sitting in the front seat and Joel Jones and Glynis Ross occupying the rear seat. Defendant took the stand in his own behalf and admitted that he fired his rifle at a house in the neighborhood, but claimed the house, which he fired at, was unoccupied. No one was injured as a result of the shooting. After a police investigation defendant was charged, tried, and convicted.

On appeal defendant contends the evidence was insufficient to sustain the jury's verdict and asks this court for a judgment for discharge. Defendant also raises numerous trial errors.

With respect to the sufficiency of the evidence, defendant argues that intent to do bodily harm to someone was not shown. Our consideration of this point is governed by the familiar rule that in reviewing a criminal conviction on appeal, the evidence is to be viewed in the light most favorable to the state. (*State v. Darling,* 208 Kan. 469, 493 P. 2d 216; *State v. Thomas,* 155 Kan. 374, 125 P. 2d 375; and *State v. Davis,* 106 Kan. 527, 188 Pac. 231.) Concerning intent, in *State v. Gatewood,* 169 Kan. 679, 221 P. 2d 392, we said:

"Intent is a state of mind existing at the time a person commits an offense. If intent must have definite and substantive proof it would be almost impossible to convict, absent facts disclosing a culmination of the intent. The mind of an alleged offender, however, may be read from his acts, conduct and inferences reasonably to be drawn therefrom. . . ." (p. 684.)

In *State v. Decker,* 207 Kan. 374, 485 P. 2d 171, we held:

"In a criminal action it has been held a person is presumed to intend the natural and probable consequences of his voluntary and deliberate act, and if the commission of an unlawful act is proved, it will be presumed that such act was done with criminal intent." (Syl. ¶ 1.)

In the instant case there was evidence that defendant had driven past the Shugart house at least once prior to the shooting. At the time of the shooting, lights were burning and an automobile was parked in the driveway. We believe the jury had ample evidence to conclude that defendant knew or should have known that Donna Shugart or someone was in the house.

In view of what has been said defendant's contention that he

be discharged cannot be sustained. However, we are convinced that the state of the record in other respects requires the granting of a new trial. While defendant has failed to show prejudice sufficient to warrant reversal with respect to many points raised, several of defendant's contentions have merit.

Defendant strenuously argues the trial court erred in directing the state, after it had rested, to reopen its case to present testimony relating to the offense of criminal damage to property as defined in K. S. A. 1972 Supp. 21-3720. Although the record is not entirely clear, it appears the trial court mistakingly thought criminal damage to property was a lesser included offense within aggravated assault, the crime charged in the information. On appeal, the state concedes that criminal damage to property is not a lesser included offense. Apparently, the state took this position at trial, but, nevertheless, the trial court insisted the case be reopened. The evidence in question consisted primarily of the testimony of Donna Shugart and the project manager of the local housing authority concerning the damage to the house and the cost of repairs. After the evidence was submitted the state again rested, but once again the trial court, over defendant's objection, moved in and directed the state to recall Mrs. Shugart and inquire if she had consented to the shooting into the house on the day in question. While this later evidence may be said to be related to the offense charged and, thus, admissible it was adduced by direction of the court after both the state and defendant had rested. In other words, the trial court, for a second time, assumed the role of prosecutor.

Before submitting the case to the jury the trial court heard further arguments of counsel and finally concluded that criminal damage to property was not a lesser included offense. The court announced that the instruction on this point would be removed from the instructions, the evidence stricken, and the jury admonished accordingly.

The state concedes error, but says it was cured by the court's subsequent action in striking the evidence and admonishing the jury; and further that in any event the matter may be written off as "harmless error." Defendant argues, on the other hand, that the action of the trial court amounted to an invasion of defendant's constitutional right to a fair trial. We do not believe the error rises to constitutional stature, thus, requiring a conclusion of harmless

error beyond a reasonable doubt (*Chapman v. California,* 386 U. S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824; *State v. Garcia & Bell,* 210 Kan. 806, 504 P. 2d 172; and *State v. Ritson,* 210 Kan. 760, 504 P. 2d 605), but we cannot say that, under the circumstances, there is not at least a reasonable possibility that the evidence of a crime not charged might have affected the verdict. It is basic, of course, that generally error in the admission of evidence may be cured by the prompt withdrawal thereof followed by a proper admonition. (*State v. Beam,* 175 Kan. 814, 267 P. 2d 509; and *State v. Williams,* 126 Kan. 375, 267 Pac. 1095.) In the instant case we are confronted with the unusual situation of the trial judge, in effect, taking over the prosecution and directing the state's case. The judge's assumption of the dual role of prosecutor might well have evidenced an attitude which came through to the jury and influenced its decision. The evidence was not withdrawn until after the state's case had been reopened a second time. If not actually prejudiced by hearing evidence of a crime not charged, the jury was undoubtedly confused so as to be unable to give the objective, impartial consideration to the issue of guilt or innocence on the crime charged which was defendant's due under our system of justice.

We should give brief attention to one other point of error raised. In his direct examination by the state, police officer Sichley used notes to refresh his memory. The record indicates that the notes used by officer Sichley were in the nature of "field notes" made by him during the course of his investigation. Sichley also testified that he made and filed a report compiled from his field notes. Defendant's counsel requested that he be allowed to examine the documents prior to his cross-examination of Sichley. The trial court denied defendant's request to see the field notes and, although granting permission to inspect the report, defendant's counsel was directed to proceed forthwith with his cross-examination of Sichley; the court suggesting that counsel could examine the report at the next recess. Defendant's counsel contends that as a result it was impossible to conduct a meaningful cross-examination of the witness not having prior access to the notes and report.

This court has long recognized the principle that generally the opposing party or his counsel has the right to inspect papers used by a witness for the purpose of refreshing his memory upon matters as to which he is testifying. (*State v. Jones,* 202 Kan. 31, 446 P. 2d 851; *State v. Oswald,* 197 Kan. 251, 417 P. 2d 261; and *Railroad Co. v. Hays,* 8 Kan. App. 545, 54 Pac. 322, 125 A. L. R. 192.) We have

said that the granting or refusal of an accused's request for production of a writing for the purpose of cross-examining lies in the discretion of the trial court. However, under the provisions of K. S. A. 1972 Supp. 22-3213 (2), on motion of the defendant the production of a statement, as defined therein, is now mandatory. Our code provision 22-3213 is patterned after the so-called Federal Jencks Act (18 USC § 3500). A comparison of the two Acts and the two instances in which the thrust of 22-3213 departs from the provisions of the Jencks Act are set out and discussed in detail in our opinion in *State v. Stafford*, 213 Kan. 152, 515 P. 2d 769. We held therein:

"A police officer called by the state to testify on direct examination as to facts revealed by his investigation of an alleged crime is a witness within the meaning of K. S. A. 1972 Supp. 22-3213(2) and the defendant is entitled to the production of any statement or report made by the officer in the possession of the prosecution relating to the subject matter of the witness' testimony." (Syl. ¶ 2.)

Applying what was said and held in *Stafford* to the instant case, any report made by officer Sichley, relating to his testimony and in the possession of the prosecution, should have been made available for inspection by defendant's counsel before he was required to proceed with his cross-examination of the witness. The record discloses that defendant made no effort to recall officer Sichley after his report was finally made available to defendant's counsel, thus, whether substantial prejudice is shown is questionable. Even though the error on this point, standing alone, would not warrant reversal, nevertheless, when considered together with other errors, it lends cumulative force to our conclusion the defendant did not receive a fair trial.

No matter how guilty a defendant may be, or how strong and convincing the evidence may be against him, he is, nevertheless, entitled to a fair and impartial trial. (*State v. Taylor*, 198 Kan. 290, 424 P. 2d 612; *State v. Bean*, 179 Kan. 373, 295 P. 2d 600; and *State v. Winchester*, 166 Kan. 512, 203 P. 2d 229.) From the record before us we are unable to declare that the substantial rights of the defendant have not been prejudiced.

The conclusion we have reached makes it unnecessary for us to consider other alleged errors.

For reasons set forth, the judgment of the trial court is reversed and this case is remanded with directions to grant the defendant a new trial.