No. 47,673

STATE OF KANSAS, *Appellee,* v. VAL GENE WILLIAMS and JACKIE B. REYNOLDS, *Appellants.*

(536 P. 2d 1395)

Opinion filed June 14, 1975.

The opinion of the court was delivered by

Foth, C.: At approximately 5:15 p. m. on October 10, 1973, the Wichita City Teachers Credit Union was robbed at gunpoint of approximately $500. In a joint jury trial defendants' Jackie B. Reynolds and Val Gene Williams were both convicted of aggravated robbery as being two of the three participants in the crime. Reynolds was also convicted of the possession of a pistol after a prior felony conviction. Both defendants appeal, claiming procedural errors.

Defendant Williams makes six separate claims of error, defendant Reynolds only two. The two claims common to both defendants will be dealt with first.

Just before it rested the state was granted permission to endorse the name of a police officer as an additional witness. The officer testified that the guns recovered when the defendants were arrested were loaded with live ammunition and capable of being fired. The prosecutor had expected another officer to be able to supply this testimony.

Under K. S. A. 22-3201 (6) the trial court is to exercise its discretion as to whether it will allow the endorsement of additional witnesses during trial, and its ruling will not be disturbed unless

abuse of that discretion is shown. The test is whether or not the defendant's rights have been unfairly prejudiced. *State v. Smith,* 215 Kan. 34, 523 P. 2d 691; *State v. Stafford,* 213 Kan. 152, 515 P. 2d 769.

The objection by the defendants at trial was that the testimony was irrelevant. On appeal their contentions lean more to the claim that it is of an inflammatory nature and unduly influenced the jury. At neither stage is there a claim that defendants were surprised by the testimony, or that their trial strategy would have been any different had they been given fair warning that this particular witness was going to testify. His testimony added little, if anything, to the state's case. There was no prejudice, and no abuse of discretion.

The second claim defendants have in common is that the state formally offered its seventeen exhibits into evidence, en masse, at the conclusion of its case in chief. Each had been identified at some point earlier in the trial. The defendants assert that this bulk offer confused the jury and deprived counsel of an adequate opportunity to cross-examine the identifying witnesses. Although the record does not indicate in every instance that the witnesses were in fact cross-examined with particular reference to the exhibits now complained of, a full opportunity for such cross-examination was provided the defendants.

The trial court voiced strong disapproval of the procedure employed by the state, with some justification. We think it better practice for a party to offer an exhibit or a group of related exhibits into evidence as soon as a sufficient foundation has been laid. In this way court and counsel can focus their attention on one piece of evidence at a time. If there are deficiencies in the foundation it may be possible to cure them by a few additional questions to a witness on the stand. On the other hand, if the offer is made at the close of the offering party's case it may be necessary to recall, if possible, one or more witnesses to supply the missing pieces.

But regardless of which procedure may seem preferable as making for a more orderly trial, there was no error here. The controlling factor is that neither defendant now makes any claim that any one of the exhibits was inadmissible.

The remaining four allegations of error are made by defendant Williams alone:

He asserts that it was error for the trial court to deny his motion for a separate trial from Reynolds. Both defendants were charged

with aggravated robbery, but an additional charge of unlawfully possessing a pistol was levied against Reynolds. This charge against Reynolds, claims Williams, is totally unrelated to the robbery charge against him and therefore the joinder of the two defendants was improper.

K. S. A. 22-3202 (3) states that "[t]wo or more defendants may be charged in the same complaint, information or indictment *if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting the crime or crimes.* Such defendants may be charged in one or more counts together or separately *and all of the defendants need not be charged in each count."* (Emphasis added.)

The trial court, in denying Williams' motion for a separate trial stated: "[The] aggravated robbery occurred at the time and place and was committed by Mr. Reynolds and Mr. Williams. Appended to that charge is an allegation that Mr. Reynolds had a revolver. That was part and parcel of the initial crime and as such the cases are proper for joinder." The trial court's analysis of the issue and finding thereon are eminently correct. The defendants were, as the statute requires, "alleged to have participated in the same act or transaction." The presence of the gun was an essential part of that "act or transaction." And, as the statute says, "all of the defendants need not be charged in each count."

Fed. R. Crim. P. 8 (*b*) is identical to our K. S. A. 22-3202 (3). The federal courts universally hold that joinder is proper under circumstances like these. See *United States v. Roell,* 487 F. 2d 395 (8th Cir. 1973); *United States v. Roselli,* 432 F. 2d 879 (9th Cir. 1970); *Williams v. United States,* 416 F. 2d 1064 (8th Cir. 1969); and *Scheve v. United States,* 184 F. 2d 695 (D. C. Cir. 1950).

Williams' next claim is that the trial cour erred in not sustaining his motion for discharge at the close of the state's evidence. The question is whether there was any evidence from which the jury might reasonably have drawn an inference of guilt. *State v. Gustin,* 212 Kan. 475, 510 P. 2d 1290; *State v. Anderson,* 211 Kan. 148, 505 P. 2d 691; *State v. Dill,* 182 Kan. 174, 319 P. 2d 172.

The state's evidence was that Detective Sergeant Merle Nelson was in his car just a few blocks away when he heard the dispatcher broadcast that a silent alarm had been tripped at the credit union. He hurried to the scene and saw two men (one of them Reynolds) leave the credit union, guns in hand, carrying a pink pillow case in which they had stuffed the loot. He saw them hurry across a

street, up an alley and directly to a parked car. He saw them bend over as if about to enter the car's open door on the right side. When he identified himself as a police officer and shouted for them to stop, one of the men turned, raised his right arm and pointed it at the detective. When the detective fired a shot, a man later positively identified by Detective Nelson as Williams got out of the car on the driver's side and raised *his* right arm toward the detective. The detective fired more shots in the direction of Williams, who ran. Williams was later taken into custody only a short distance from the confrontation by another police officer. Two pistols were found on the ground in front of the car. A third was recovered from a toilet tank in a garage rest room where Reynolds was apprehended. The car was registered to Williams. We think there was ample evidence from which the jury could infer that Williams was driving a getaway car, and the trial court properly overruled his motion for discharge.

Williams also complains of the following instruction:

"A person is responsible for the conduct of another when, either before or during the commission of a crime, and with the intent to promote or assist in the commission of the crime, he intentionally aids or advises the other to commit the crime. All participants in a crime are equally guilty, without regard to the extent of their participation."

In drafting this instruction the trial court used PIK 54.05 as a foundation, adding only the last sentence. When making his objection to this instruction at the trial, counsel for the defendant stated: "I have no objection to the typed portion of the Instruction, because I think it conforms to the case law in Kansas and also the PIK, which has been generally accepted." It was only the last sentence which he claimed was error, as "calling more attention to that [principle] than is required by the law." On appeal he oscillates slightly in saying that "The last sentence of the instruction does not add anything to the first part of the instruction and only tends to confuse the jury."

The instruction given clearly reflects the law of this state in regard to the liability of a person for the crimes of another. *State v. Schriner,* 215 Kan. 86, 523 P. 2d 703; *State v. Ingram,* 211 Kan. 587, 506 P. 2d 1148. The sentence complained of as being confusing to the jury was drawn verbatim from this court's opinion in *State v. Turner,* 193 Kan. 189, 196, 392 P. 2d 863. It was a correct statement of the law when made in the *Turner* case and remains so.

Williams' final point deals with the trial court's refusal to grant him a new trial, based on two alleged irregularities.

The first occurred during the cross-examination of a security guard for the credit union by the attorney for Reynolds. In answer to the question, "Which of the two men that came in got your pistol?" he answered, "He isn't here. This fellow here [indicating defendant Williams] must be the driver, because. . . ." Counsel for Williams immediately objected and the trial court sustained the objection, directing the jury to disregard the statement.

Generally an error in the admission of evidence is cured by a prompt withdrawal and an admonition by the court to the jury to disregard it. *State v. Mans,* 213 Kan. 36, 515 P. 2d 810; *State v. Beam,* 175 Kan. 814, 267 P. 2d 509; *State v. Bell,* 109 Kan. 767, 201 Pac. 1110. In the absence of evidence to the contrary this court will assume that the jury followed the lower court's admonition. *State v. Potts,* 205 Kan. 42, 468 P. 2d 74.

The second basis of his demand for a new trial is that there was no evidence that Williams was ever informed of his constitutional rights at the time of his arrest. The argument is frivolous. No statement of the defendant Williams was admitted. All evidence introduced by the state came directly from the crime scene, from eyewitnesses to the crime, and from the subsequent police chase. Therefore whether or not proper warnings were given is immaterial. *State v. Kilpatrick,* 201 Kan. 6, 439 P. 2d 99; *McCall v. State,* 196 Kan. 411, 411 P. 2d 647; *Fields v. State,* 195 Kan. 718, 408 P. 2d 674.

The convictions are affirmed.

APPROVED BY THE COURT.

FROMME, J., not participating.