No. 48,375

STATE OF KANSAS, *Appellee*, v. WILLIE MCKINNEY, a/k/a MARSHALL
MEDLOCK, a/k/a RONNIE MEDLOCK, *Appellant*.

(561 P. 2d 432)

Opinion filed March 5, 1977.

*Earl H. Hobbs, Jr.,* of Wichita, argued the cause and was on the brief for
the appellant.

*Stephen E. Robison,* assistant district attorney, argued the cause, and *Curt
T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with
him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from a trial
to the court on consolidated informations in which Willie McKin-
ney, a/k/a Marshall Medlock, a/k/a Ronnie Medlock (defendant-
appellant) was found guilty of three counts of aggravated robbery
(K. S. A. 21-3427), one count of aggravated assault on a law en-
forcement officer (K. S. A. 21-3411) and one count of possession of a
firearm after a previous felony conviction (K. S. A. 21-4204 [1] [b]).

The sole question presented is whether the trial court erred in
failing to advise the defendant of his right to testify in his own
behalf.

On October 10, 1973, two armed men robbed the Wichita City
Teachers Credit Union of approximately $500. Herb Stucky, the
manager, Arylene Campbell, a teller, Edward Provence, a security
officer, and Michael Parker, a credit union customer, all identified
the defendant as being the gun-wielding robber. The codefen-
dants' convictions arising from this robbery were affirmed in *State
v. Williams & Reynolds,* 217 Kan. 400, 536 P. 2d 1395.

On February 27, 1974, three men robbed Ronnie's Amusement
Service of $622. Sue Buffington, the secretary-receptionist, and
Alice Cameron, the bookkeeper, both identified the defendant as
one of the gunmen.

On March 5, 1974, three armed men robbed the Government Employees Credit Union of over $6,900. Judy Kracke, a bookkeeper, identified various exhibits taken by the robbers and further identified the defendant as one of the robbers.

Wichita Police Detectives Zettl and Burnett who arrived shortly after that robbery saw three men walking toward a nearby alley. When told to halt one man drew his gun and shot at least twice at the detectives. Detective Zettl testified the defendant had a gun in his hand, but Detective Zettl did not see the defendant shoot it. The robbers were apprehended a short time later when the vehicle they were driving collided with a Wichita Police Department truck. Four guns and the money taken from the Government Employees Credit Union were recovered.

At a preliminary hearing, Mr. Moore, the defendant's first trial attorney, requested a jury trial. The defendant stood up in open court and contradicted his attorney, saying he did not want a jury trial, but rather, a trial to the court. On July 2, 1974, the two informations were consolidated for trial. The defendant pled not guilty to the charges. The trial court then asked:

"THE COURT: And you've heretofore in other proceedings waived your right to a jury trial on the charges in this case. Do you likewise waive your right to a jury trial on the amended information on which you have just been arraigned?

"THE DEFENDANT: Yes, sir."

The trial court made no mention of the defendant's right to testify.

At trial, the state presented its case and rested. The defense then took a recess. A dispute arose as to what occurred during the recess. However, Mr. Moore, the defendant's counsel, testified that during the recess he told the defendant of his right to take the stand.

Following the recess the defense moved to dismiss the charges and for a judgment of acquittal. The trial court overruled this motion. The defense announced it had nothing further to offer. The court did not advise the defendant of his right to testify. The court then found the defendant guilty of all the offenses charged.

On July 31, 1975, Mr. Moore's motion for a new trial was overruled. The defendant then filed a *pro se* motion contending, among other things, he was denied the right to take the stand on his own behalf. Another attorney, Mr. Dougherty, was appointed to represent the defendant on this matter.

Mr. Moore, the defendant's first attorney, filed an affidavit con-

cerning the disputed recess conference. The affidavit stated in part:

". . . I told the Defendant that the State had presented all its evidence and asked him if he wanted to take the stand and testify. I might add, this was something we had previously discussed but I told the Defendant if he wanted to testify, now was the time. The Defendant was very emphatic and said no, he did not want to testify; that all the witnesses who had testified for the State 'proved nothing'; that all they had done was 'to say their opinion' and that wasn't any evidence. He insisted that 'nothing has been proved one way or the other'. He then told me, I was to 'get this case dismissed and if I couldn't do it, he would get a lawyer who could . . . . '"

Mr. Moore was called as a witness at the hearing on the second motion for a new trial and was cross-examined by Mr. Dougherty on behalf of the defendant. Mr. Moore reaffirmed the statements in his affidavit.

The court ruled against the defendant on the other points asserted in his *pro se* motion. The court further found:

". . . [T]hat he has not been deprived of his right to take the stand. I find that he voluntarily relinquished that right, knowing that it existed, and being possessed of sufficient advice and of his faculties to avail himself of that right at the time of the trial. . . ."

Appeal from the court's judgment was duly perfected.

The appellant asserts the trial court erred in failing to advise him of his right to testify in his own behalf. He argues there is an obligation on the trial court to inform the accused of his right to testify in his own behalf, unless the accused affirmatively waives such right. He contends the record must affirmatively show such waiver.

The appellant cites two cases which allegedly support his position. In *People v. Degraffenreid,* 19 Mich. App. 702, 173 N. W. 2d 317 (1969), the trial counsel failed to object to evidence which might have been suppressed had an objection been lodged. Dicta at one point states there are certain rights which are so essential to the concept of due process that no lawyer can waive them for a defendant, and the defendant's waiver is not to be presumed from a silent record. The case does not relate to the *trial court's* failure to advise an accused of his privilege to testify in his own behalf.

The record here is not silent regarding the appellant's privilege to testify. Here the record indicates a deliberate choice by the appellant not to testify.

· The second case cited by the appellant is *Poe v. United States,* 233 F. Supp. 173 (D. D. C. 1964), *aff'd* 352 F. 2d 639 (D. C. Cir. 1965), where the petitioner's trial counsel urged him not to take the

stand and testify before a jury, because of trial counsel's erroneous belief that illegally obtained statements might be used for impeachment. The petitioner "reluctantly" agreed not to take the stand. In what the concurring appellate judge stated was a "most unusual case," the district court, without citing any authority, said:

"The right to testify is a basic right, and there is an obligation on the part of both the court and trial counsel to inform the accused of his right to testify, if he so desires. Further, it is the duty of both to assure that the exercise of this basic right by the accused is a free and meaningful decision." (p. 176.)

In the instant case there is no showing of erroneous advice given the accused by the trial counsel to prevent the accused from testifying.

*Poe* cannot be construed as a general rule requiring the trial court to advise an accused of his privilege to testify. In a trial to the jury, as in *Poe,* it is clear the trial judge should not, in the presence of the jury, call attention to the privilege of the accused to testify. (21 Am. Jur. 2d, Criminal Law, § 356, p. 383; and *United States v. Ives,* 504 F. 2d 935 [9th Cir. 1974], vacated on other grounds [relating to mental competency as enunciated in *Drope v. Missouri,* 420 U. S. 162, 43 L. Ed. 2d 103, 95 S. Ct. 896] 421 U. S. 944, 44 L. Ed. 2d 97, 95 S. Ct. 1671.) Our cases hold that a prosecuting attorney cannot comment upon failure of an accused to testify. (*State v. Holloway,* 219 Kan. 245, 254, 547 P. 2d 741; and *State v. Carpenter,* 215 Kan. 573, 527 P. 2d 1333.)

We think the better rule is that announced in *United States v. Ives,* supra, where the court said:

". . . It would make no sense and, in the light of Griffin v. California, 380 U. S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965), it would introduce possible error into the trial to require that the court or the prosecutor ask the defendant whether he wishes to testify. That is the reason why the defendant must claim his privilege to testify or be deemed to have waived it." (p. 940.)

Our conclusion is supported by many cases dealing with pleas of guilty, which hold that the record does not have to affirmatively and specifically show a waiver of every constitutional right or privilege. (*Stinson v. Turner,* 473 F. 2d 913 [10th Cir. 1973]; *Wade v. Coiner,* 468 F. 2d 1059 [4th Cir. 1972]; *United States v. Frontero,* 452 F. 2d 406, 415 [5th Cir. 1971]; *Todd v. Lockhart,* 490 F. 2d 626, 628 [8th Cir. 1974]; and *United States v. Sherman,* 474 F. 2d 303, 305 [9th Cir. 1973].)

This is in accord with out prior opinion in *Winter v. State,* 210 Kan. 597, 502 P. 2d 733. There we noted the decisions which are to be made by the accused *after full consultation with counsel* are:

(1) what plea to enter; (2) whether to waive jury trial; and (3) whether to testify in his own behalf. (See also *State v. Jackson,* 218 Kan. 491, 494, 543 P. 2d 901.)

Here the accused after full consultation with his counsel decided not to testify in his own behalf. No inquiry from the trial court was necessary or appropriate.

The judgment of the lower court is affirmed.