NOT DESIGNATED FOR PUBLICATION

No. 122,909

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD EUGENE WISE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed July 2, 2021. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Ashley McGee*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and CLINE, JJ.

PER CURIAM: Richard Wise asks us to overturn his convictions for possession of marijuana and some rolling papers, as well as his speeding conviction. He raises two trial errors: one by the court, and one by the prosecutor. Neither are reversible. We affirm.

In early March 2019, a Lyon County sheriff's deputy stopped Wise for speeding. According to the radar, he was speeding 12 miles over the speed limit. The deputy smelled marijuana and asked Wise to step out of the truck. Once out of the truck, Wise

reached for his pocket. The deputy stopped Wise, then searched him and found a bag with about a quarter ounce of marijuana and some rolling papers. Wise said, "I was going to give it to you."

The State charged Wise with speeding and possession of both marijuana and drug paraphernalia. It later amended the marijuana possession charge to a felony because Wise had been convicted of that crime twice before. See K.S.A. 2020 Supp. 21-5706(c)(3)(C).

The deputy testified about pulling Wise over, and the State introduced bodycam footage of the arrest. A KBI forensic scientist then testified that the substance the deputy had seized was indeed marijuana.

Wise testified that he had first noticed the marijuana and rolling papers after he had been pulled over and was looking for insurance information in the center console. Wise's brother-in-law had left him the pickup and Wise had just retrieved it from his sister's house earlier that day. Wise said he had pocketed the contraband because he did not want to implicate his sister. The jury found Wise guilty on all counts.

To us, Wise contends that two trial errors require reversal. The first occurred after the State rested its case and Wise's trial counsel told the court that Wise planned to testify. According to Wise, the district court then erred when it quizzed him about his decision to testify. He says that the inquiry improperly influenced him to waive his right against self-incrimination by testifying. The second error occurred later when the prosecutor brought up Wise's prior marijuana convictions by asking, "[I]sn't it true that you've also been in trouble for possession of marijuana before?" Although Wise acknowledges that the court sustained his objection to the question and no evidence of prior bad acts was admitted, he contends that the question itself was unduly prejudicial.

We will address his claims in that order.

2

The decision to testify belongs to the defendant. There are, of course, many factors that affect such a decision, including the verbal abilities of the defendant and the trial strategy of the defense. It is complex. Those decisions may be interfered with by trial judges when they ask defendants about their decision to testify. This is why the Kansas Supreme Court strongly discourages district courts from asking the defendant about the decision to testify. See *Taylor v. State*, 252 Kan. 98, 106, 843 P.2d 682 (1992). See also *State v. McKinney*, 221 Kan. 691, 694-95, 561 P.2d 432 (1977), where the court ruled that inquiry is unnecessary and inappropriate. District courts have no duty to ask about the decision, and a court that does so could inadvertently influence the defendant to waive the right against self-incrimination or could improperly intrude on the attorney-client relationship or trial strategy. *State v. Anderson*, 294 Kan. 450, 466, 276 P.3d 200 (2012). This is now known as judicial comment error. *State v. Boothby*, 310 Kan. 619, Syl. ¶ 1, 488 P.3d 416 (2019).

But the Kansas Supreme Court has not held that such an inquiry is invariably reversible error. A panel of this court recently presumed that a misleading or especially intrusive district court inquiry would be judicial comment error. See *State v. Reyes*, No. 121,589, 2021 WL 520667, at *4 (Kan. App. 2021) (unpublished opinion), *rev. denied* June 9, 2021. In that case, the judge made a deep inquiry into the strategy adopted by the defense. The *Reyes* panel held it was not reversible error because the defendant's decision to testify was not altered by the judge's inquiry. 2021 WL 520667, at *6.

In contrast, the judge's questions were not misleading nor were they intrusive. After excusing the jury, the court informed Wise that the decision to testify was up to him and asked whether he had made his decision voluntarily:

> "THE COURT: Your client is going to testify?
> "MR. AMBROSE: Yes.

"THE COURT: All right. Mr. Wise, you understand that whether or not you testify is totally your decision to make?

"THE DEFENDANT: Yes.

"THE COURT: Okay. Mr. Ambrose may have advice to give you one way or the other, if you differ from what he's telling you, we have to go with what you say; you understand that?

"THE DEFENDANT: Uh-huh.

"THE COURT: And it is your decision to go ahead and testify today?

"THE DEFENDANT: Yes, sir.

"THE COURT: This is voluntary?

"THE DEFENDANT: Yes, sir."

As we can see, Wise planned to testify, the district court asked him a few questions without commenting on trial strategy, and Wise then reaffirmed his choice. We are not persuaded that the district court influenced Wise's decision to testify. This is harmless error. We hold that this is not reversible judicial comment.

There are two elements to Wise's second claim: statutory and constitutional. The attorney for the State, during cross-examination, asked Wise, "Isn't it true that you've also been in trouble for possession of marijuana before?" The defense objected. The court sustained the objection. The court then ruled that evidence of prior convictions could not be admitted, and no such evidence was admitted.

Wise frames that as a violation of K.S.A. 2020 Supp. 60-455—the statute governing the admission of evidence of prior crimes. That law bans the admission of evidence of prior crimes so it can be used to infer that because a defendant committed a crime before, he committed the charged crime as well. While there are many exceptions written into the law, its basic rule remains—such evidence is inadmissible.

4

When we apply that rule here, it means the State cannot use Wise's prior drug convictions as a basis for the jury to infer that he possessed the marijuana in this case. But we are not reviewing the district court's ruling on a K.S.A. 60-455 issue since no such evidence was admitted. The court properly sustained the objection.

Instead, we focus on the question itself. We are reviewing a question asked of Wise before the jury that invites the jury to infer that he has been in "trouble for possession of marijuana" before this trial. Why else would the prosecutor ask the question? Under these circumstances, the blow comes from the question, not the answer. By asking this question in this way, the prosecutor sidestepped the protections afforded by K.S.A. 60-455.

This is why we hold this is prosecutor error. This practice should be discouraged. We now move on to the second component of Wise's argument on this issue—the constitutional question.

In the second component of his argument, Wise describes this as a constitutional issue, saying that the prosecutor's question deprived him of his due process right to a fair trial by skirting evidentiary rules. He contends that even if the evidence is not admitted, the jury here effectively knew something about his prior conviction—based on the defense's objection. So, our question becomes, did this solitary question deny Wise a fair trial to the extent that we should reverse his conviction?

Neither element of this claim warrants reversal. We would reverse only if we found "beyond a reasonable doubt that the error . . . did not affect the outcome of the trial in light of the entire record." *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011) (stating standard of review of an error that infringes on a party's federal constitutional right); *State v. Boothby*, 310 Kan. at 626-29 (applying *Ward* constitutional harmlessness

5

test to judicial comment error). We find beyond a reasonable doubt that the prosecutor error did not affect the outcome of Wise's trial given the entire record.

The State's case was overwhelming. Wise admitted he had the marijuana and rolling papers in his possession. There is no reason to reverse these convictions.

Affirmed.