NOT DESIGNATED FOR PUBLICATION

No. 125,757

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TONY T. LEWIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Submitted without oral argument. Opinion filed February 2, 2024. Affirmed.

*Jonathan B. Phelps*, of Phelps-Chartered, of Topeka, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and ISHERWOOD, JJ.

PER CURIAM: Claiming that his trial lawyer denied him the right to testify in his own defense, Tony Tremayne Lewis appeals the district court's denial of his K.S.A. 60-1507 motion. He is incorrect. Because the district court's decision was supported by substantial competent evidence and Lewis admits that his failure to testify would have made no difference in the jury's verdict, we affirm the dismissal of his K.S.A. 60-1507 motion.

1

*Lewis is found guilty of several serious sex crimes.*

A jury convicted Lewis, a soldier stationed at the Fort Riley Military Reservation, of two counts of rape; three counts of aggravated criminal sodomy; and additional counts of aggravated robbery, burglary, aggravated kidnapping, and aggravated assault. See *State v. Lewis*, 299 Kan. 828, 326 P.3d 387 (2014); *Lewis v. State*, No. 117,985, 2018 WL 4038981 (Kan. App. 2018) (unpublished opinion).

Lewis ultimately was sentenced to 928 months in prison with lifetime postrelease supervision, to be served consecutively to another sentence on similar charges from a different district court.

*Lewis makes a collateral attack on his convictions.*

After exhausting his direct appeal, Lewis filed a K.S.A. 60-1507 motion seeking a new trial based on allegations of ineffective assistance of trial counsel. In his motion, Lewis claimed (1) the district court violated his constitutional right by giving improper jury instructions; (2) his lawyer violated his constitutional right by refusing to allow him to take the stand at trial; and (3) the prosecutor committed misconduct by withholding exculpatory evidence and knowingly presenting fabricated evidence.

After appointing counsel to help Lewis present his motion, the district court held a nonevidentiary preliminary hearing to determine whether Lewis' motion raised a substantial issue of law or fact. Lewis was not present for the hearing, but his counsel spoke on his behalf, arguing that there were questions of fact requiring an evidentiary hearing on the right to testify issue and his trial counsel's failure to prevent K.S.A. 60-455 evidence from introduction into evidence at trial. The district court dismissed the motion finding Lewis failed to allege any substantial issue of fact or law that would require resolution through a full evidentiary hearing.

*A panel of our court remands for an evidentiary hearing.*

A panel of our court reversed the district court's dismissal of Lewis' motion and remanded to conduct an evidentiary hearing on Lewis' claim that he was not afforded the right to testify in his own defense. *Lewis*, 2018 WL 4038981, at *7.

*Upon remand, the evidentiary hearing produced evidence from Lewis and his lawyer.*

The district court heard evidence from Lewis and his lawyer, Jillian Waesche. Lewis testified that Waesche advised him that it was not in his best interest to take the stand. Taking her advice at face value while claiming not to have known about his fundamental right to testify, Lewis decided not to testify. Had he taken the stand, Lewis claimed that he would have told the jury that he "didn't rape those women." Lewis admitted that his testimony likely would not have made a difference at trial given the compelling DNA evidence. But Lewis maintained that he just wanted the jury to hear his voice—that things were "looking bad" and he "felt like [he] had to get up there and say something." On cross-examination, Lewis testified that Waesche never told him that he could not testify, only that it would not be in his best interest.

Waesche testified that she had discussed the possibility of Lewis taking the stand before trial and told Lewis of his right to do so. They delayed any decision on whether he would testify at trial until the State rested their case. Once the State rested, Waesche advised Lewis that it would not be in his best interest to testify, and both agreed that the State's evidence against Lewis was very damaging. On cross-examination, Waesche testified that she remembered Lewis asking her what she thought about Lewis testifying. Waesche reiterated the fact that she never told Lewis that he could not testify, only that it would not be in his best interest.

3

*The district court dismissed Lewis' motion after an evidentiary hearing.*

The district court found Waesche's testimony more credible and found no violation of Lewis' right to testify in his own defense. The district court also made several factual findings supporting its denial of Lewis' motion:

- Waesche and Lewis had a pretrial discussion about his right to testify and that it was his right to exercise;
- At the close of the State's evidence, Waesche and Lewis discussed his right to testify again;
- Waesche recommended that Lewis not testify because it would not be in his best interest;
- Lewis followed the advice and decided not to testify; and
- Waesche never told Lewis that he could not testify.

The district court concluded that Lewis was "adequately advised of [his] right, that [he] made a knowing and intelligent decision not to testify" and denied Lewis' motion for relief.

*We review the district court's findings and ruling.*

To us, Lewis claims that the advice from his lawyer that his testimony would not be in his best interest "is tantamount to denying Lewis the decision whether to testify on his own behalf." Thus, in his view, his lawyer prevented him from testifying in his own defense and that act denied him effective assistance of counsel.

We will examine two aspects of the district court's dismissal: the facts and the law. We evaluate the district court's factual findings to determine whether they are supported by substantial competent evidence. Such evidence is "'that which possesses both relevance and substance and which furnishes a substantial basis in fact from which the

4

issues can reasonably be resolved.'" *State v. Sanders*, 310 Kan. 279, 294, 445 P.3d 1144 (2019); see *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009) (substantial competent evidence is such legal and relevant evidence as a reasonable person might regard as sufficient to support a conclusion). We must not reweigh this evidence but instead decide whether the record justifies the district court's findings.

We then review de novo the district court's conclusions of law. *State v. Dooley*, 313 Kan. 815, 819, 491 P.3d 1250 (2021). Without any objection to those factual findings or conclusions of law on the basis of inadequacy, we presume that the district court found all facts necessary to support its judgment. *State v. Jones*, 306 Kan. 948, 959, 398 P.3d 856 (2017). If we find the decision lacks specific factual findings, then meaningful review is impossible and remand may be necessary. *State v. Thurber*, 308 Kan. 140, 232, 420 P.3d 389 (2018).

*Ineffective assistance of counsel claims are examined for efficient performance by counsel and prejudice to the accused.*

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence." To be meaningful, "the right to counsel necessitates more than a lawyer's mere presence at a proceeding." *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014) (citing *State v. Galaviz*, 296 Kan. 168, 174, 291 P.3d 62 [2012]). Even so, appellate courts "employ a strong presumption that counsel's conduct was reasonable." *Miller*, 298 Kan. at 931.

An ineffective assistance of counsel claim is analyzed using a two-part test pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which was adopted by our courts in *Chamberlain v. State*, 232 Kan. 650, 656-57, 694 P.2d 468 (1985). Under that test, the defendant must first show their lawyer's

representation fell below an objective standard of reasonableness. *Khalil-Alsalaami v. State*, 313 Kan. 472, 485, 486 P.3d 1216 (2021). Judicial scrutiny of a lawyer's representation must be highly deferential, and any fair assessment of that representation requires that every effort be made to eliminate the distorting effects of hindsight, reconstruct the circumstances of the challenged conduct, and evaluate from counsel's perspective at the time. 313 Kan. at 486.

If we find deficient representation, the defendant must then show prejudice by showing with reasonable probability that the deficient performance affected the outcome of the proceedings. Reasonable probability means a probability sufficient to undermine confidence in the outcome. We must consider the evidence before the fact-finder. *Khalil-Alsalaami*, 313 Kan. at 485.

Here, the district court heard testimony from Lewis and Waesche at the evidentiary hearing and concluded Lewis was not denied the right to testify on his own defense. On appeal, Lewis claims the district court erred in its findings. The State responds that the "inescapable conclusion" is that substantial competent evidence supports the district court's findings of fact and those findings support the district court's conclusions of law. The record supports the State's argument, and Lewis' own words undercut his position.

*Lewis expressed doubt about whether his testimony would affect the jury.*

At the evidentiary hearing, Lewis admitted that if he had taken the stand and testified at trial, it likely would not have made any difference in the jury's deliberation and verdict. Lewis argued that "he just had something to say" and doubted that it would have affected the outcome of his trial.

6

"Q: And do you believe that your testimony to the jury, in your opinion based upon your knowledge of the facts of the case, would have made a difference to how they deliberated and ultimately decided your guilt or innocence?

"A: *Honestly no.*

"Q: I'm sorry?

"A: No.

"Q: You don't think there would have been a difference?

"A: No.

"Q: So, even though you – you're saying you wanted to take the stand and you're saying that you would have offered testimony and you would have denied that it happened and even a potential alibi defense, you don't think that would have been enough to potentially sway the jury to a different outcome?

"A: Well, you know, we had that questionable D.N.A. that was included as evidence. I mean, I think that would have – *I think that it would have trumped what I had to say.* Like I said, *I just felt like I had to say something.*" (Emphasis added.)

This admission casts great doubt upon Lewis' argument. With such evidence, a court could hardly conclude that Lewis was prejudiced by his lawyer's performance.

*No evidence proves that Waesche prevented Lewis from testifying.*

Lewis claims that he presented evidence to the district court that Waesche thwarted his attempts to testify. In his view, when he wanted to testify, Waesche had a duty to put him on the stand to testify.

The facts and holding of *Flynn v. State*, 281 Kan. 1154, 136 P.3d 909 (2006), are similar to the facts and issues of this case. Lewis and Flynn both testified at their evidentiary hearings that they were unaware of their right to testify. Yet the district courts found their testimonies lacked credibility. In *Flynn*, the district court found that she knew she had a right to testify and knowingly waived that right after consultation with her trial

counsel. Based on that finding, the district court concluded that the advice of Flynn's trial counsel that Flynn not testify was a tactical decision and thus was not ineffective.

We find no support in the record for Lewis' contention. Waesche testified that Lewis never told her that he *wanted* to testify; rather, he merely asked what Waesche *thought* about him testifying. Thus, no evidence exists demonstrating Waesche prevented Lewis from testifying.

*The Cronic exception does not apply.*

Lewis next tries to use the *Cronic* exception to argue that no further prejudice need be shown to find Waesche violated his constitutional right to testify in his own defense. The United States Supreme Court recognized an exception to the second step of the *Strickland* test that applies only when a defendant is completely denied the assistance of counsel or denied counsel at a critical stage of a proceeding. *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). In those cases, the verdict is so highly likely to be unreliable that a case-by-case inquiry is not required, and the defendant does not have to show a probable effect on the outcome. In other words, the second *Strickland* step – that the defendant shows prejudice – is unnecessary because the court can presume prejudice. *State v. McDaniel*, 306 Kan. 595, 608, 395 P.3d 429 (2017); *Fuller v. State*, 303 Kan. 478, 486-87, 363 P.3d 373 (2015).

For us to presume prejudice, Lewis would need to show he was wholly deprived of the assistance of counsel at a critical stage in his criminal proceedings. Lewis fails to do so. We find no merit in Lewis' argument.

*Lewis shows no just reason to change the law.*

In his final argument, Lewis respectfully suggests that the law should be changed because the underlying reason for the trial judge to not give that information to the defendants is no longer valid. He admits that his position runs contrary to caselaw. See *Taylor v. State*, 252 Kan. 98, Syl. ¶ 5, 843 P.2d 682 (1992) (trial courts need not inquire into the defendants' waiver of the right to testify at trial). We decline his invitation.

Basically, Lewis objects that the trial court did not speak to Lewis either before or during trial to affirmatively inform him of his right to testify. So fundamental to due process is the right to testify on his own behalf, Lewis contends district court judges should sua sponte "insure independently on the record that Lewis made an informed decision to testify or not."

Caselaw cautions against independent inquiry by judges into whether a defendant is aware of their right to testify as the inquiry "may inadvertently influence a defendant to waive the equally fundamental right against self-incrimination." *Taylor*, 252 Kan. at 106. The right to testify and the right against self-incrimination are mutually exclusive constitutional rights, since the exercise of one inherently excludes the other—a criminal defendant cannot both testify in his or her own defense and avoid self-incrimination by remaining silent (or not testifying). *Taylor*, 252 Kan. at 106; see also *State v. Anderson*, 294 Kan. 450, 465-67, 276 P.3d 200 (2012) (endorsing *Taylor* and *State v. McKinney*, 221 Kan. 691, Syl., 561 P.2d 432 [1977], by rejecting the defendant's argument that district court had a duty to advise him about his right to testify and his right against self-incrimination and then to secure a choice from him on the record).

Lewis fails to provide us with any compelling and just reasons to overturn this recognized precedent. Accordingly, we find his argument unpersuasive and therefore deny his invitation to depart from precedent. See *State v. Patton*, 315 Kan. 1, 16, 503

9

P.3d 1022 (2022) (The Kansas Court of Appeals is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position.).

Substantial competent evidence supported the district court's finding that Waesche did not prevent Lewis from testifying in his own defense during his trial. Given Lewis' testimony at the evidentiary hearing that he believed his testimony at trial would not affect the outcome, we hold the district court reasonably denied Lewis' ineffective assistance of counsel claim.

Affirmed.